GLICKSTEIN, Judge.
This is an appeal by injured plaintiffs from a nonfinal order, determining that Florida was without jurisdiction over the person of the Georgia defendant.
We reverse and adopt the plaintiffs theory that the delivery of a defective product into Florida for placement in the stream of commerce here constitutes “[cjommitting a tortious act within this state” as provided in section 48.193(l)(b), Florida Statutes (Supp.1984), certifying the question as one of great public importance.
There is no dispute as to the alleged material facts. Appellants, residents of the State of Florida, purchased a conversion van from a retail sales outlet in the State of Florida, co-defendant Jenkins Auto Sales, Inc., a Florida corporation.
Jenkins, in turn, had purchased the conversion van from appellee, a foreign corporation, an installer of conversion packages in vans, pursuant to a contractual relationship between Jenkins and appellee whereby appellee would deliver conversion vans to Jenkins in Florida for placement into the stream of commerce in Florida.
Appellee had installed a seat in the van as part of a conversion package. Appellee obtained the seat from co-defendant Anderson Industries, Inc., another Florida corporation, who was the manufacturer of the seat, pursuant to a contractual relationship between appellee and Anderson Industries whereby appellee purchased the seat from Anderson Industries in Florida.
Thus, appellee purchased the seat from a Florida corporation, installed it in a conversion package that was placed on a van, and *328 thereafter sold and delivered the conversion van to a Florida retailer for ultimate placement into the stream of commerce in Florida to ultimate users. The conversion van was in fact placed in the stream of commerce in Florida by virtue of the sale of the same to appellants.
Allegedly, the seat was defective, or defectively installed in the conversion van. While appellants were' driving the conversion van on the interstate in Indiana, the seat collapsed, causing injuries to appellants.
Authority for our holding does not come from the highest state court but from two decisions of an intermediate appellate court in Illinois that dealt with the “commission of a tortious act within this state” provision of the Illinois Long Arm Statute. In Braband v. Beech Aircraft Corporation, 51 Ill.App.3d 296, 9 Ill.Dec. 684, 367 N.E.2d 118 (1977), aff'd on other grounds, 72 Ill.2d 548, 21 Ill.Dec. 888, 382 N.E.2d 252 (Ill.1978), an airplane designed and manufactured by Beech Aircraft Corporation, a Kansas corporation, was sold to an Illinois company. After being based in that state for a period of time, the plane was piloted by Illinois residents on a trip to its ultimate delivery destination in England. While en route, the plane crashed in Canada killing the Illinois residents. The administrators of the decedents’ estates brought suit against Beech Aircraft in Illinois court alleging that the aircraft manufacturer had committed a tortious act in Illinois. Beech Aircraft sought to quash service of process on the basis that the Illinois court was without jurisdiction. The trial court denied Beech Aircraft’s motion to quash service of process. On appeal, the Illinois First District Court of Appeal affirmed. In doing so, that court stated
The word “tortious” must be examined in the case at bar bearing in mind the due process tests for jurisdiction as established by the case law: fair and reasonable in the circumstances; minimal contacts so that the suit does not offend traditional notions of fair play and substantial justice; contacts with the State that make it reasonable for a defendant to defend in a foreign State when estimating the inconveniences, and also the court’s interpretation in Nelson [v. Miller (1957), 11 Ill.2d 378, 143 N.E.2d 673] and in Gray [v. American Radiator (1961), 22 Ill.2d 432, 176 N.E.2d 761] that the intent of the legislature was that section 17 of the Civil Practice Act [the Illinois Long Arm Statute] reflected a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by due process. In Nelson the court said that the word “tor-tious” can be used to describe conduct that subjects the actor to tort liability and for that purpose the Restatement so uses it. (Restatement Torts section 6.) “It does not follow, however, that the word must have that meaning in a statute that is concerned with jurisdictional limits.” (Nelson, 11 Ill.2d at 392, 143 N.E.2d at 680.) In Poindexter v. Willis (1967), 87 Ill.App.2d 213, 217-18, 231 N.E.2d 1, 3, the court in finding jurisdiction over the nonresident defendant said that the word “tortious” when used under section 17(l)(b), “ * * * is not restricted to the technical definition of a tort, but includes any act committed in this State which involves a breach of duty to another and makes the one committing the act liable to respondent in damages.” ...
Considering the expansive definition of the word “tortious” as stated in the case law, I believe that a tortious act was committed by the delivery into Illinois of a plane that was allegedly unreasonably dangerous....
Id. 9 Ill.Dec. at 688, 367 N.E.2d at 122.
Similarly, in Connelly v. Uniroyal, Inc., 55 Ill.App.3d 530, 13 Ill.Dec. 162, 370 N.E. 2d 1189 (1977), aff'd on other grounds, 75 Ill.2d 393, 27 Ill.Dec. 343, 389 N.E.2d 155 (1979), the plaintiff’s father went to an Illinois car dealer and purchased an automobile equipped with a tire manufactured by the defendant, a Belgian corporation. Plaintiff was injured when a tire on the car failed while the automobile was being operated in Colorado. The plaintiff and his father were both Illinois residents. Suit was filed in Illinois court. Defendant *329 moved to quash service of process alleging it had not done anything to submit itself to the jurisdiction of the Illinois courts. The trial court denied the motion and on appeal, the Illinois First District Court of Appeal again affirmed, stating in relevant part “that the ‘commission of a tortious act’ as employed in the long-arm statute applies not only to an injury which occurs in Illinois, but also to all elements and conduct which significantly relate to or have significant causal connection with the injury suffered.” Id. 13 Ill.Dec. at 166, 389 N.E.2d at 1193.
This decision was appealed to the Illinois Supreme Court which in Connelly v. Uniroyal, Inc., 75 Ill.2d 393, 27 Ill.Dec. 343, 389 N.E.2d 155 (1979), affirmed the trial court’s order denying defendant’s motion to quash service of process but then went on to state:
We do not reach the question whether defendant committed a tortious act in Illinois within the contemplation of section 17(l)(b) of the Civil Practice Act [the Illinois long-arm statute] and express no opinion concerning the correctness of the appellate court’s holding on that issue.
Id. 27 Ill.Dec. at 348-54, 389 N.E.2d at 160-66.
Appellants in the instant case acknowledge that the Illinois Supreme Court in affirming Braband and Connelly did not adopt the Illinois District Court’s reasoning regarding the “commission of a tortious act” provision of the long-arm statute but assert that this fact does not constitute disagreement by the Supreme Court with the District Court’s analysis. Citing to Colding v. Herzog, 467 So.2d 980 (Fla.1985), appellants point out that the Florida Supreme Court has stated that its disposition of a case on grounds other than those relied upon by the district court of appeal does not constitute a disapproval or rejection of the district court’s analysis, and that said analysis may be relied upon by the supreme court in its resolution of subsequent cases. In essence, appellants assert the viability of the Illinois District Court’s reasoning following the Illinois Supreme Court’s failure to specifically address the “commission of a tortious act” analysis.
While conceding that International Harvester Company v. Mann, 460 So.2d 580 (Fla. 1st DCA 1984), states that “the commission of a tort for purposes of establishing long-arm jurisdiction ... requires that the place of injury be within Florida,” id. at 581 (emphasis in original) (citations omitted), appellants argue that the place of injury is not necessarily the exclusive situs of tortious activity. Appellants cite to Watts v. Haun, 393 So.2d 54 (Fla. 2d DCA 1981), and Jack Pickard Dodge, Inc. v. Yarbrough, 352 So.2d 130 (Fla. 1st DCA 1977), for the proposition that long-arm jurisdiction over an out-of-state defendant for the commission of a tortious act does not necessarily depend on the place of injury being in Florida.
Appellants further assert that appellee has the requisite minimum contacts with Florida to satisfy due process requirements. Specifically, appellants point out that appellee purchased the subject seat from a Florida manufacturer, and after installing it in the van, delivered the completed conversion van to a Florida retailer for placement in Florida’s stream of commerce. See A.J. Sackett & Sons Co. v. Frey, 462 So.2d 98 (Fla. 2d DCA 1985).
Appellee counters appellants’ arguments by contending that section 48.193(l)(b), Florida Statutes, has been consistently construed in such way that “tortious act” is considered to have been committed in the state where the injury occurred or in the state where the product was manufactured, processed, or serviced. Since the injury in the instant case occurred in Indiana, and since the seat was installed in Georgia, it is appellee’s contention that jurisdiction pursuant to section 48.193(l)(b), Florida Statutes, does not lie.
While persuaded by the reasoning of our Illinois intermediate colleagues on which appellants rely, we certify the following question as being of great public importance:
May delivery of a defective product into Florida for placement in the stream of commerce constitute “[cjommitting a tor- *330 tious act within this state” as provided by section 48.193(l)(b), Florida Statutes (Supp. 1984)?
HERSEY, C.J., and DOWNEY, J., concur.