**Donald Byron BOHANNON, Plaintiff,**

v.

**HONDA MOTOR COMPANY, LIMITED, (Honda Giken Kogyo K.K.), American Honda Motor Company, Inc., Honda Research and Development Company, Limited, Defendants.**

Civ. A. No. 87–2605–S.

United States District Court,
D. Kansas.

March 28, 1988.

Arthur A. Chaykin, David R. Morris, Shamberg, Johnson, Bergman & Goldman, Chartered, Overland Park, Kan., Norman M. Iverson, Iverson & Iverson, P.A., Arkansas City, Kan., for plaintiff.

Michael E. Lazzo, Baker & Sterchi, Overland Park, Kan., Thomas O. Baker, Evan A. Douthit, Peter F. Travis, Baker & Sterchi, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants Honda Research & Development Company, Ltd. ("Honda R & D") and Honda Motor Company, Ltd.'s ("Honda Motor") motions to quash or motions to dismiss. Since the filing of their motions, both moving defendants have advised the court that plaintiff has effected proper service upon them. Therefore, they seek to withdraw their motions to quash and assert their motions to dismiss. Both defendants claim that the instant case against them should be dismissed because this court lacks personal jurisdiction over them. They assert both the Kansas Long–Arm Statute, K.S.A. 60–308(b), and the constitutional due process requirement of "minimum contacts," *see International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), as support for their motions.

Questions of personal jurisdiction present the court with a two-step analysis. First, the court must determine whether defendant's conduct falls within the scope of the Kansas Long–Arm Statute. Then it must determine whether defendant has suf-

ficient contacts with the State of Kansas to satisfy the requirements of due process. *Shaffer v. Heitner*, 433 U.S. 186, 203, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977); *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158. The Kansas Supreme Court has determined that the Kansas Long Arm Statute should be interpreted liberally to extend it to the outer limits allowed by the due process clause. *Misco–United Supply, Inc. v. Richards of Rockford, Inc.*, 215 Kan. 849, 851, 528 P.2d 1248, 1251 (1974); *Woodring v. Hall*, 200 Kan. 597, 602, 438 P.2d 135, 141 (1968). The plaintiff has the burden of showing that the constitutional and statutory requirements for personal jurisdiction are satisfied. *Professional Investors Life Ins. Co. v. Roussel*, 445 F.Supp. 687, 691 (D.Kan.1978).

█ Defendants argue that plaintiff's complaint does not sufficiently allege facts which would allow this court to assert personal jurisdiction over the defendants pursuant to the Kansas Long Arm Statute, K.S.A. 60–308(b). Defendants point to plaintiff's failure to allege that defendants "transacted business" within the state, *see* K.S.A. 60–308(b)(1). Instead, plaintiff only alleges that defendants are "doing business" in the state.

Defendants' argument ignores the other nine provisions of the Kansas Long Arm Statute, which set out other actions through which a defendant may submit itself to the court's personal jurisdiction. More specifically, the defendants' argument disregards subsection (7) of the Long Arm Statute. K.S.A. 60–308(b)(7) provides that any nonresident who:

caus[es] to persons or property within this state any injury arising out of an act or omission outside of this state by the defendant [is subject to jurisdiction of a Kansas Court] if, at the time of the injury ... (B) products, materials or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use.

This provision confers jurisdiction over nonresident defendants in product liability cases. *Tilley v. Keller Truck & Imple-*

*ment Corp.*, 200 Kan. 641, 647, 438 P.2d 128, 133 (1968). Plaintiff's complaint states this is a product liability case; he seeks relief for personal injury suffered as a result of the product's defective design, pursuant to K.S.A. 84–2–313, 84–2–314 and 84–2–315, Restatement (Second) of Torts § 402A, theories of common law negligence, and the Consumer Product Safety Act, 15 U.S.C. § 2064(b). Therefore, plaintiff has complied with the Kansas Long Arm Statute. This court has personal jurisdiction over the moving defendants unless the assertion of jurisdiction would be unconstitutional.

Defendants argue that they have no "minimum contacts" with the State of Kansas sufficient to justify this court in asserting personal jurisdiction over them. They claim that such an assertion would violate due process, because it would require defendants to suffer the burdens of litigating in a distant or inconvenient forum, and would in effect constitute an action by this court beyond the limits of its powers. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *Kulko v. California Superior Court*, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978); *International Shoe Co.*, 326 U.S. at 317, 66 S.Ct. at 158.

Defendants cite the recent Supreme court case of *Asahi Metal Industry Co. v. Superior Court*, —— U.S. ——, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), in support of their position. They argue that the mere fact that they inject products into the stream of commerce and those products eventually reach the United States and Kansas is not sufficient to satisfy the "minimum contacts" requirement of due process. In *Asahi*, the plaintiff was injured in a motorcycle accident. The accident was allegedly caused by a sudden loss of air and an explosion in the rear tire of the motorcycle, brought on by a defective tire, tube, and sealant. Plaintiff sued the tube manufacturer, who then sought indemnification from Asahi Metal Industry Co. ("Asahi"), the manufacturer of the tube's valve assembly. The tube manufacturer was

from Taiwan, and it purchased its tire valve assemblies in Taiwan from Asahi, a Japanese corporation. Asahi manufactured the tire valve assemblies in Japan and then sold them to various tire manufacturers. Sales to the Taiwanese manufacturer accounted for 1.24 percent of Asahi's income in 1981 and 0.44 percent in 1982. The Taiwanese manufacturer purchased valve assemblies from other suppliers as well, and sold finished tubes throughout the world.

The Supreme Court concluded that a California state court did not have personal jurisdiction over Asahi. It reasoned that something more was required than an awareness by defendant that its products would enter the forum state in the stream of commerce. *See World–Wide Volkswagen*, 444 U.S. at 295–97, 106 S.Ct. at 566–67. The defendant must take some action "purposefully directed" at the forum state. *Asahi*, —— U.S. at ——, 107 S.Ct. at 1033, 94 L.Ed.2d at 104. "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State." *Id.* The Court provided several examples of additional conduct which would bring the defendant within a court's personal jurisdiction; one example given was that of a defendant marketing a product through a distributor who has agreed to serve as the sales agent in the forum State. *Id.*

That is precisely the situation presented here. Defendant American Honda Motor Company, Inc. is the exclusive distributor of defendants Honda R & D and Honda Motor's products in this country.[*] The moving defendants are more than simply "aware" that their products will reach the United States and the State of Kansas. They have taken affirmative action to see that those products do reach all fifty

states: they have designated an American corporation whose principal purpose is to market and distribute those products throughout the country. The facts here justify the assertion of personal jurisdiction under the rule in *Asahi*. Furthermore, the present facts are nearly identical to our decision in *Cunningham v. Subaru of America, Inc.*, 631 F.Supp. 132 (D.Kan. 1986); the reasoning in that case applies equally here, and we reassert *Cunningham's* viability in the wake of *Asahi*.

IT IS BY THE COURT THEREFORE ORDERED that Honda Research & Development Company, Ltd. and Honda Motor Company, Ltd's requests to withdraw their motions to quash are granted. IT IS FURTHER ORDERED that Honda Research & Development Company, Ltd. and Honda Motor Company, Ltd's motions to dismiss are denied.

---

[*] Defendants seek to submit an affidavit in support of their motions, and they make much of the fact that plaintiff has failed to support his allegation of personal jurisdiction with facts proven by affidavit or otherwise. The facts alleged in defendant's unexecuted affidavit are irrelevant for purposes of today's decision. Defendants do not deny the truth of the facts upon which today's decision relies, and the court will therefore treat those facts as established for purposes of this motion.