**Hermine JOHNSON, Individually and on behalf of the heirs of Max P. Johnson, Deceased, Plaintiff,**

v.

**GOODYEAR S.A. COLMAR BERG, Defendant.**

Civ. A. No. 88–2362–0.

United States District Court, D. Kansas.

July 21, 1989.

Gene E. Schroer, Schroer, Rice, P.A., Topeka, Kan., for plaintiff.

Jan Fink Call, Stinson, Mag & Fizzell, Overland Park, Kan., and Lawrence A. Rouse and David L. Heinemann, Stinson, Mag & Fizzell, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion to dismiss for lack of personal jurisdiction.[1] Fed.R.Civ.P. 12(b)(2). Plaintiff's complaint alleges that defen-

---

1. Defendant withdrew its motion to dismiss on 12(b)(4) and 12(b)(5) grounds. Also, plaintiff's motion to delay consideration of defendant's motion to dismiss is now moot. Apparently, the parties agreed to a limited time for discovery before requiring the plaintiff to respond to defendant's current motion.

dant, a Luxembourg corporation, is liable for the death of her husband because he was fatally injured by a machine defendant manufactured and sold to plaintiff's decedent's employer, Goodyear Tire & Rubber Company. Defendant contends that plaintiff cannot establish personal jurisdiction over it under the Kansas long-arm statute, and that extending personal jurisdiction over this foreign corporation would violate due process. For the reasons discussed below, defendant's motion to dismiss will be denied.

In evaluating a motion to dismiss for lack of personal jurisdiction, several well-established principles must be followed. As the Tenth Circuit explained:

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant.... Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing.... The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.... If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party....

*Behagen v. Amateur Basketball Ass'n.*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985) (citations omitted). The court finds that the parties do not dispute most of the facts underlying jurisdiction; instead, the parties dispute whether those facts support personal jurisdiction over the defendant. According to the parties' briefs, the following facts are pertinent.

Defendant Goodyear S.A. Colmar Berg ("Goodyear S.A.") is a corporation organized under the laws of Luxembourg, with its principal place of business in Luxembourg City, Luxembourg. Goodyear S.A. is a wholly-owned subsidiary of The Goodyear Tire & Rubber Company ("Goodyear Tire"), an Ohio corporation with its princi-

pal place of business in Ohio. Although a wholly-owned subsidiary, Goodyear S.A. is a separate and distinct entity from Goodyear Tire. Goodyear S.A. manufactures tire-making machines for only itself, Goodyear Tire, and Goodyear Tire's subsidiaries.

Goodyear S.A. manufactured the radial tire building machine in question in Luxembourg and sold the machine to Goodyear Tire in Luxembourg. In the past thirty years, defendant Goodyear S.A. has manufactured eleven machines like the machine in question. Of those eleven machines, seven are in Goodyear Tire's Topeka, Kansas plant, including the machine that injured plaintiff. The machine in question was manufactured by defendant Goodyear S.A. pursuant to a work order from Goodyear Tire. Additionally, the machine was, per Goodyear Tire's request, customized specifically for the Topeka plant. Plaintiff's husband was fatally injured while operating the machine manufactured by Goodyear S.A.

A two-step analysis is necessary to determine if this court has personal jurisdiction over the defendant. The court must first determine whether it has jurisdiction under the Kansas long-arm statute, K.S.A. 60–308(b). If long-arm jurisdiction is established, the court must then decide if the exercise of personal jurisdiction would violate the constitutional guarantee of due process. *Hall v. National Basketball Ass'n*, 651 F.Supp. 335, 337 (D.Kan.1987). This latter determination must be made on a case-by-case basis. *Carrothers Construction Co. v. Quality Service & Supply, Inc.*, 586 F.Supp. 134, 135 (D.Kan. 1984). The Kansas long-arm statute provides in part:

> Any person, whether or not a citizen or a resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
> (1) Transaction of any business within this state;

(2) commission of a tortious act within this state; ...

(7) causing to persons or property within this state any injury arising out of an act or omission outside of this state by the defendant if, at the time of the injury either (A) the defendant was engaged in solicitation or service activities within this state; or (B) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use....

K.S.A. 60–308(b)(1), (2) and (7). The long-arm statute has been liberally construed to the limits of due process. *Carrothers*, 586 F.Supp. at 136.

Once long-arm jurisdiction is established, the court must then decide if the exercise of jurisdiction would violate the constitutional guarantee of due process. The key concern under due process is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). In determining if it is fair to subject a nonresident defendant to a suit in the forum state, the court must consider the "quality and nature" of the defendant's activity. *Kulko v. California Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978). Moreover, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

■ Turning to the first step of the analysis, the court must determine if the Kansas long-arm statute is applicable in this case to extend service of process over the nonresident defendant. The plaintiff argues that the long-arm statute applies to defendant because the defendant has transacted business in this state through its contacts with the Topeka Goodyear Tire plant (K.S.A. 60–308(b)(1)), because the defendant committed a tortious act within this state (K.S.A. 60–308(b)(2)), and because the tortious act which occurred in Kansas was the result of defendant's acts and omissions outside of Kansas (K.S.A. 60–308(b)(7)). Defendant offers responsive arguments only on plaintiff's claim that it transacted business in Kansas. While the court agrees that the record does not support long-arm jurisdiction under subsection (b)(1), the court finds that plaintiff has presented a prima facie case of personal jurisdiction under subsection (b)(7). Subsection (b)(7) was intended to provided jurisdiction over foreign manufacturers and/or suppliers in products liability cases. *Midwest Elevator Systems, Inc. v. St. Paul Fire & Marine Insurance Co.*, 508 F.Supp. 578, 581 (D.Kan.1981); *J.E.M. Corp. v. McClellan*, 462 F.Supp. 1246, 1249 (D.Kan.1978); *Tilley v. Keller Truck & Implement Corp.*, 200 Kan. 641, 647, 438 P.2d 128, 133 (1968). Plaintiff's complaint states that she seeks relief for the fatal injuries her husband received while operating a machine manufactured by defendant Goodyear S.A. and used within Kansas in the ordinary course of trade. Plaintiff's complaint sufficiently states a prima facie case of long-arm jurisdiction under K.S.A. 60–308(b)(7)(B), *see Bohannon v. Honda Motor Co., Ltd.*, 682 F.Supp. 42, 43 (D.Kan. 1988), and defendant offers nothing to refute plaintiff's prima facie showing.

■ Having determined that the Kansas long-arm statute is applicable to the defendant, the court must now determine whether the exercise of personal jurisdiction over these defendants would violate due process as guaranteed by the fourteenth amendment. A three-prong test is used to evaluate whether a nonresident defendant has sufficient minimum contacts with the forum to extend limited jurisdiction over the nonresident:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) The claim must be one which arises out of or results from the defendant's forum-related activities.

(3) Exercise of jurisdiction must be reasonable.

*Rambo v. American Southern Insurance Co.*, 839 F.2d 1415, 1419 n. 6 (10th Cir. 1988); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir.1984), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985). Despite defendant's vigorous and articulate arguments that it did not purposely avail itself of the privilege of conducting activities in Kansas and that assertion of personal jurisdiction over it would be unreasonable, the court finds plaintiff has made a sufficient showing that the above three-prong test is met in this case.[2]

Plaintiff has presented sufficient evidence to indicate that defendant purposely availed itself of the privilege of conducting activities in Kansas. Including the machine in question, defendant has built only eleven tire-making machines similar to the one which fatally injured plaintiff's husband. Of those eleven machines, seven are in Goodyear Tire's Topeka plant. Moreover, the machine in question was customized specifically for use in the Topeka plant. Under these facts, defendant undoubtedly could reasonably anticipate that the machine would be used in Kansas and that as the machine's manufacturer, it would be subject to liability if machine operators were injured because of a defect in the machine or its design.

Defendant vigorously objects to jurisdiction, relying on the recent Supreme Court case, *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). According to the defendant, plaintiff is attempting to assert personal jurisdiction over it under a "stream of commerce" theory, which the Court rejected in *Asahi*. Defendant's objection is unconvincing for several reasons. First, this court has previously held that the *Asahi* decision did not invalidate the "stream of commerce" theo-

ry. *Wessinger v. Vetter*, 685 F.Supp. 769, 777 (D.Kan.1987). Second, the court agrees with plaintiff that the facts of this case do not present a "stream of commerce" case. Defendant Goodyear S.A. does not place its machines into the stream of commerce for purchase by any number of buyers, but manufactures a limited number of machines for a very limited number of buyers (itself, Goodyear Tire, and Goodyear Tire's subsidiaries) pursuant to specific design orders. Although defendant claims it has no control over the placement of the machines once they are sold and delivered to Goodyear Tire in Luxembourg, defendant concedes in its answers to plaintiff's interrogatories that the machine in question was customized for the Topeka plant and was, in fact, placed in the Topeka plant. These facts present a much stronger showing of minimum contacts than the "direct marketing" or "stream of commerce" cases in which this court has previously found personal jurisdiction over foreign manufacturers to be within the bounds of due process. *See, e.g., Cunningham v. Subaru of America, Inc.*, 631 F.Supp. 132, 135–36 (D.Kan.1986); *Bohannon*, 682 F.Supp. at 43–44 (confirming holding in *Cunningham* in light of *Asahi*); *Wessinger*, 685 F.Supp. at 775–78.

Third, even under *Asahi*, plaintiff has met its burden of establishing a prima facie case of jurisdiction. As the Supreme Court held:

> The "substantial connection" ... between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State ....* The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State....

2. Defendant essentially agrees that the second prong of the test is met by conceding that plain-

tiff's decedent's injuries resulted from his operating a machine it manufactured.

*Asahi,* 480 U.S. at 112, 107 S.Ct. at 1033. By customizing the machine for the Topeka plant, defendant indicated an intent to serve Goodyear Tire's purposes in Kansas. Thus, defendant did more than simply place its machine into a stream of commerce.

Finally, the court does not agree that the machine in question was present in Kansas due to the unilateral actions of Goodyear Tire. The Supreme Court, in *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), rejected the argument "that a *consumer's* unilateral act of bringing the defendant's product into the forum state was a sufficient constitutional basis of personal jurisdiction." *Asahi,* 480 U.S. at 109, 107 S.Ct. at 1031. Likewise, the Tenth Circuit held that "if ... the defendant's product comes into the forum state as the result of ... fortuitous events over which the defendant has no control, then the defendant is not subject to the jurisdiction of the forum state." *Fidelity & Casualty Co. of New York v. Philadelphia Resins Corp.,* 766 F.2d 440, 446 (10th Cir.1985), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 853, 88 L.Ed.2d 893 (1986). In this case, defendant's product did not come to Kansas fortuitously; Goodyear Tire requested specific custom features for the machine, which Goodyear S.A. complied with, fully aware that the custom features were for the purpose of making the machine useable in Goodyear Tire's Topeka plant. Also, the court finds that these facts do not constitute a "unilateral" act by Goodyear Tire. Goodyear Tire and Goodyear S.A. worked in conjunction to provide the Topeka plant with a customized tire-building machine.

Defendant also relies on *Asahi* for its argument that asserting personal jurisdiction over it is unreasonable. The Supreme Court did comment on the severe burdens imposed on foreign defendants:

> Certainly the burden on the defendant in this case is severe. Asahi has been commanded ... not only to travel the distance ... but also to submit its dispute with Cheng Shin to a foreign nation's judicial system. The unique burdens placed upon one who must defend oneself in a foreign legal system should

have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.

*Asahi,* 480 U.S. at 114, 107 S.Ct. at 1034. The Court continued, however, and stated: "When minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Id.* The court concludes that the interests of the plaintiff and the state of Kansas outweigh the burdens placed on defendant Goodyear S.A. Plaintiff is a Kansas resident, her deceased husband was working in a Goodyear Tire plant located in Topeka when he was fatally injured, and because seven of defendant's machines are located in Kansas, the state has a strong interest in redressing injuries these machines may cause to its citizens. Consequently, the court finds the assertion of jurisdiction over defendant, a foreign corporation, to be reasonable under the circumstances of this case.

IT IS THEREFORE ORDERED that defendant's motion to dismiss for lack of personal jurisdiction is denied.