Foy Elmo **REDWINE,** Plaintiff,

v.

**FRANZ PLASSER BAHNBAUMASCHI-NEN INDUSTRIEGESELLSCHAFT, M.B.H., et al.,** Defendants.

**Civ. A. No. 90–1503–C.**

United States District Court, D. Kansas.

July 7, 1992.

---

Marlys Marshall Ourada, Bruce A. Swenson, Marshall, Ourada & Swenson, Wichita, Kan., for plaintiff.

Foy Elmo Redwine, pro se.

Eldon L. Boisseau, Anne M. Hull, Turner & Boisseau, Chartered, Harry E. Robbins, Jr., Robbins, Tinker, Smith & Metzger, Wichita, Kan., Michael B. Buser, Shook, Hardy & Bacon, Overland Park, Kan., for defendants.

### MEMORANDUM AND ORDER

BELOT, District Judge.

This action comes before the court on defendant Franz Plasser Bahnbaumaschinen Industriegesellschaft's motion to dismiss (Doc. 42) for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2). Plaintiff brought this action seeking recovery under products liability law and the Federal Employer's Liability Act. Defendant contends that extending personal jurisdiction over it would violate due process.

By its Memorandum and Order of June 3, 1992, this court deferred ruling on defendants' motion to allow the parties to take discovery limited to issues relating to jurisdiction. The court directed counsel to advise the court before June 19, 1992, whether they intended to pursue such discovery and stated that if the parties did not so advise the court, the motion would be decided on the pleadings. Counsel has not responded and accordingly, the court is prepared to rule.

The principles followed in evaluating a motion to dismiss were restated in *Johnson v. Goodyear S.A. Colmar Berg,* 716 F.Supp. 531 (D.Kan.1989):

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant.... Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing.... The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.... If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party....

716 F.Supp. at 532 (quoting *Behagen v. Amateur Basketball Ass'n.,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985)).

Franz Plasser Bahnbaumaschinen Industriegesellschaft is a limited liability company organized under the laws of the Republic of Austria. It designed and partially manufactured the ballast cleaning machine at issue in this case. The machine was sold by defendant Plasser Theurer to Speno Rail Services in Syracuse, New York, and

shipped FOB from Bremerhaven, Germany, to Portsmouth, Virginia.

Plaintiff and Speno Rail Services, Inc. were hired by defendant Union Pacific to clean a stretch of railroad track near Marysville, Kansas. Plaintiff was injured on the job while using the ballast cleaning machine.

■ In considering questions of personal jurisdiction, the court follows a two-step analysis. First, the court determines whether the defendant's conduct falls within the scope of the Kansas long-arm statute, K.S.A. 60–308(b). If the long-arm statute is satisfied, the court then determines if the exercise of personal jurisdiction satisfies the requirements of due process. *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The plaintiff bears the burden of showing that the constitutional and statutory requirements for personal jurisdiction are satisfied. *Bohannon v. Honda Motor Co., Ltd.*, 682 F.Supp. 42, 43 (D.Kan.1988) (citing *Professional Investors Life Ins. Co. v. Roussel*, 445 F.Supp. 687, 691 (D.Kan. 1978)).

K.S.A. 60–308(b) provides in part:

Any person, whether or not a citizen or a resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

.    .    .    .    .

(7) causing to persons or property within this state any injury arising out of an act or omission outside of this state by the defendant if, at the time of the injury either (A) the defendant was engaged in solicitation or service activities within this state; or (B) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use ...

K.S.A. 60–308(b)(7) was intended to provide jurisdiction over foreign manufacturers in products liability cases. *Tilley v.*

*Keller Truck & Implement Corp.*, 200 Kan. 641, 647, 438 P.2d 128 (1968). The case at bar fits this description. The defendant has manufactured a product outside of Kansas whose manufacture and design has allegedly caused injury to a person within this state. The long-arm statute therefore covers the defendant's acts.

The court must then determine whether the exercise of personal jurisdiction satisfies the requirements of due process. The Tenth Circuit has endorsed a three-pronged analysis for use when examining whether a nonresident defendant has sufficient minimum contacts with the forum to satisfy constitutional requirements. *See Rambo v. American Southern Insurance Co.*, 839 F.2d 1415, 1419 n. 6 (10th Cir.1988):

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) The claim must be one which arises out of or results from the defendant's forum-related activities.

(3) Exercise of jurisdiction must be reasonable.

Defendant places reliance upon *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In *World–Wide Volkswagen*, the plaintiffs purchased a new Audi automobile from a dealer in New York. The following year, they planned a trip to Arizona. As they passed through Oklahoma, their Audi was struck by another car, causing a fire that severely burned the plaintiff and her two children. The plaintiff thereafter brought a products liability suit in Oklahoma against the Audi's manufacturer, its importer, its regional distributor (World–Wide Volkswagen), and the retail dealer (Seaway). World–Wide Volkswagen and Seaway entered special appearances to contest personal jurisdiction.

World–Wide Volkswagen was incorporated in New York and distributed vehicles, parts, and accessories to retail dealers in New York, New Jersey, and Connecticut. Seaway was a New York corporation. Nei-

ther defendant did any business in Oklahoma, shipped any product into Oklahoma, had an agent to receive process in Oklahoma, or advertised in a manner calculated to reach Oklahoma. The Oklahoma courts found the defendants were subject to personal jurisdiction. *Id.* at 290–91, 100 S.Ct. at 563–64. The United States Supreme Court granted certiorari and reversed. *Id.* at 291, 100 S.Ct. at 564.

The Court reviewed the record and found the defendants had no contacts, ties or relations with the State of Oklahoma. *Id.* at 299, 100 S.Ct. at 568. It rejected the position advanced by the plaintiffs that due process was satisfied because the automobile's mobility made it foreseeable that the plaintiffs' Audi would cause injury in Oklahoma. In the Court's view, " '[F]oreseeability alone (has) never been a sufficient benchmark for personal jurisdiction.' " *Id.* at 295, 100 S.Ct. at 566. The Court added:

> This is not to say, of course, that foreseeability is wholly irrelevant. But the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

*Id.* at 297, 100 S.Ct. at 567.

■ The mere knowledge on the part of Plasser that its machine may enter Kansas through the stream of commerce is therefore insufficient to establish personal jurisdiction. As the Court reiterated in *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1986):

> The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.* (Citation omitted) The placement of a product into the stream of commerce, without more, is not an act of

the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customer in the forum State, or marketing the product through a distributor who has agreed to served as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

*Id.* at 112, 107 S.Ct. at 1032.

■ Applying these principles to the case at bar, we find no evidence that the defendant has purposefully availed itself of the privilege of conducting business in Kansas. It has not derived any revenue from the sales of its products within the State. *Cf. Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984) (personal jurisdiction existed over defendant in libel action that sold between 10,000 and 15,000 copies of its magazines in forum state monthly). It conducted no advertising in Kansas and has not sent any of its salespersons to the State. In short, there is no evidence in the record that the defendant took any purposeful action to market its products in Kansas. In a manner analogous to *World–Wide Volkswagen,* Redwine seeks to base personal jurisdiction on one isolated accident that occurred while the ballast cleaning machine was in Kansas. In our view, this is unreasonable[1] and falls short of the constitutional standard required to assert jurisdiction over a nonresident defendant.

IT IS THEREFORE ORDERED that defendant Franz Plasser Bahnbaumaschinen

---

**1.** The Court has cautioned: "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi,* 480 U.S. at 114, 107 S.Ct. at 1033.

Industriegesellschaft's motion to dismiss for lack of personal jurisdiction is granted.