**BLUE MOON LICENSING, INC., Plaintiff,**

v.

**Mark R. GREGOREK, et al., Defendants.**

**No. 95–2006–JWL.**

United States District Court,
D. Kansas.

Nov. 8, 1995.

**604**

Kerry J. Kinkade, James R. Schurman & Associates, Kansas City, MO, James R. Schurman, James R. Schurman and Associates, Kansas City, MO, for plaintiff.

Louis A. Huber, III, Mark A. Jess, Bryan Cave, L.L.P., Kansas City, MO, Kent Sullivan, Morrison & Hecker, Overland Park, KS, Brian T. Giblin, Giblin & Giblin, Oradell, NJ, for defendants.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I.  Introduction

This case comes before the court on the motion of defendant Alex & Associates, Inc. ("A & A") to dismiss (Doc. # 41) the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]  A & A asserts that it is not subject to personal jurisdiction in this forum.  For the reasons set forth below, A & A's motion to dismiss is denied.

### II.  Facts

Defendant Blue Moon Licensing, Inc. ("BML–NJ") was incorporated under New Jersey law on May 30, 1991.  BML–NJ's principal business is promoting other companies' trademarks, images, and designs.  Pursuant to BML–NJ's articles of incorporation, defendant Mark Gregorek became a director of BML–NJ.[2]  Plaintiff Blue Moon Licensing, Inc. ("BML–KS"), which was incorporated on January 14, 1995, is a Kansas corporation with its principal place of business in Johnson County, Kansas.  BML–KS' principal business is also promoting other companies' trademarks, images, and designs.  Pursuant to BML–KS' articles of incorporation, defendant Mark Gregorek became a director of BML–KS.[3]  On December 6, 1993, Mr. Gregorek caused A & A to be formed under the laws of New Jersey.  Pursuant to A & A's articles of incorporation, defendant Mark Gregorek became one of two A & A directors.

The plaintiff alleges that BML–NJ contracted with the newly formed BML–KS to transfer all of its assets to BML–KS, that BML–NJ breached this contract, and that Mr. Gregorek, as an officer and director of BML–KS, breached his fiduciary duties by appropriating BML–KS' business opportunities for his own personal gain.  Specifically, the plaintiff alleges (1) that Mr. Gregorek met on several occasions with Mr. Tom Baccei and other representatives of N.E. Thing Enterprises ("N.E.") regarding the representation and promotion of trademarks, images, designs and other properties of N.E.; (2) that Mr. Gregorek failed to inform the other BML–KS officers and directors about these meetings; (3) that Mr. Gregorek formed contracts with N.E. for his own personal gain; (4) that Mr. Gregorek used BML–KS assets improperly for his own personal gain; (5) that Mr. Gregorek concealed from BML–KS all his profits derived from his contracts with N.E.; (6) that Mr. Gregorek attempted to negotiate a liquidation of BML–KS without

---

1.  In defendants' original motion, Blue Moon Licensing, Inc. of New Jersey also sought dismissal of plaintiff's complaint.  In defendants' response to plaintiff's opposition to defendants' motion to dismiss (Doc. # 60), the defendants withdrew their motion to dismiss as it pertained to Blue Moon Licensing, Inc. of New Jersey.

2.  Mr. Gregorek is currently a director of BML–NJ.

3.  On February 8, 1995, Mr. Gregorek sent a letter to BML–KS informing it that he was not aware that he was an officer or a director of BML–KS and that BML–KS was not authorized to use his name on its letterhead.  Mr. Gregorek stated that if he was an officer or a director of BML–KS, he resigned immediately.

disclosing the existence of his contracts with N.E.; (7) that Mr. Gregorek has attempted to appropriate BML–KS' exclusive licensing contract with Danny First by nationally advertising that he, not BML–KS, is Danny First's licensing agent; (8) that Mr. Gregorek has engaged in licensing activity on behalf of Danny First for his own personal gain in violation of BML–KS' exclusive licensing contract with Danny First; and (9) that Mr. Gregorek caused A & A to appropriate BML–KS' assets, including the use of BML–KS' letterhead which contains BML–KS' trademark. The plaintiff seeks fifteen million dollars ($15,000,000) in the form of compensatory damages and lost profits, fifteen million dollars ($15,000,000) in the form of punitive damages, and a constructive trust over all BML–KS' assets currently in the defendants' possession.

### III.  Discussion

### A.  Personal Jurisdiction

In order to demonstrate personal jurisdiction sufficiently to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists. *See Redwine v. Franz Plasser Bahnbaumaschinen Industriegesellschaft, M.B.H.,* 794 F.Supp. 1062, 1063 (D.Kan.1992). The plaintiff's complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Id.*

In considering questions of personal jurisdiction, this court has adopted a two-step analysis. First, the defendant's conduct must fall within the scope of the Kansas long-arm statute, K.S.A. § 60–308(b). The Kansas long-arm statue states that a non-resident defendant submits to the jurisdiction of the State of Kansas by, among other things, committing a tortious act within Kansas. K.S.A. § 60–308(b)(2). Second, the exercise of jurisdiction must be consistent with the requirements of due process. *Pehr v. Sunbeam Plastics Corp.,* 874 F.Supp. 317 (D.Kan.1995). In Kansas, these inquiries are for all intents and purposes the same because the Kansas long-arm statute, K.S.A. 60–308(b), has been liberally construed by the Kansas courts to assert personal jurisdiction

to the full extent permitted by the due process clause. *Id.* at 195.

The Tenth Circuit has endorsed a three-pronged analysis for use when examining whether a non-resident defendant has sufficient minimum contacts with the forum to satisfy constitutional requirements. *See Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1419 n. 6 (10th Cir.1988):

(1) The non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) The claim must be one which arises out of or results from the defendant's forum-related activities.

(3) Exercise of jurisdiction must be reasonable.

In this case, BML–KS asserts that the exercise of personal jurisdiction over A & A is proper under K.S.A. § 60–308(b)(2). BML–KS primarily argues that A & A tortiously harmed it when A & A used BML–KS' trademarks, diverted BML–KS' customers, and appropriated BML–KS' assets. BML–KS further asserts that the injury it suffered as a result of A & A's tortious conduct occurred in Kansas, its principal place of business, and, therefore, A & A is subject to personal jurisdiction in Kansas because A & A's tortious conduct is deemed to have occurred in Kansas where the injury was suffered.

Construing the facts of this case in favor of the plaintiff, the court concludes that A & A's alleged conduct, if true, constitutes the commission of a tort in Kansas. *Ling v. Jan's Liquors,* 237 Kan. 629, 703 P.2d 731 (1985); *J.E.M. Corp. v. McClellan,* 462 F.Supp. 1246 (D.Kan.1978). Although it has never done business in Kansas, A & A's conduct allegedly caused injury to BML–KS in Kansas and, therefore, the alleged tort is deemed to have occurred in Kansas. *Ling,* 237 Kan. at 633, 703 P.2d 731. As a result, A & A is reachable under (b)(2) of the Kansas long-arm stat-

ute because it committed a tortious act within this forum.

 The court also concludes that A & A has sufficient minimum contacts with this forum to be reached under Constitutional Due Process requirements. It appears from the facts alleged by the plaintiff that the three defendants are closely related and have worked together to commit the alleged injury to the plaintiff. As indicated on the letterhead of Mr. Gregorek's February 8, 1995, letter to the plaintiff, which was sent to the plaintiff's Kansas address, A & A is doing business as BML–NJ. This very letter, which bears A & A's name and the Blue Moon Licensing logo, is evidence of plaintiff's allegation that its logo has been illegally used and that A & A is involved in its illegal use. Moreover, Mr. Gregorek is a director of and a major actor for A & A and BML–NJ. As a result, the court concludes that A & A purposefully availed itself of the privilege of conducting activities in Kansas when it tortiously injured BML–KS, a Kansas resident, in Kansas. *Kemper v. Rohrich,* 508 F.Supp. 444, 448 (D.Kan.1980) (citing *J.E.M. Corp. v. McClellan,* 462 F.Supp. 1246, 1255 (D.Kan. 1978)). Furthermore, the court concludes that plaintiff's claims do arise out of A & A's forum-related activities because A & A's actives involved interacting with BML–NJ and Mr. Gregorek and because that interaction was necessary to cause plaintiff's alleged injuries which occurred in Kansas. Finally, the court concludes that the exercise of personal jurisdiction over A & A would be reasonable. The Supreme Court has focused the reasonableness inquiry on whether "the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there". *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Under the facts presented by the plaintiff, A & A's conduct, together with BML–NJ and Mr. Gregorek's conduct, caused injury to the plaintiff which they knew would be felt in Kansas and, therefore, A & A could have reasonably anticipated that it might have to answer to a cause of action brought in Kansas arising out of its involvement with Mr. Gregorek, BML–NJ, and BML–KS. The fact that Mr. Grego-

rek holds a management position with A & A and BML–NJ and the fact that Mr. Gregorek held a management position with the plaintiff as late as February of 1995 suggest that A & A, through Mr. Gregorek, was well aware of BML–KS' existence and conscious of the effects of its alleged actions on BML–KS. As a result, the court concludes that the plaintiff has met its burden of showing that this court has personal jurisdiction over A & A.

**IT IS THEREFORE ORDERED BY THE COURT** that A & A's motion to dismiss (doc. # 41) is denied.

**IT IS SO ORDERED.**