GRIFFIN, Judge.
This is an appeal of a non-final order granting a motion to dismiss for lack of jurisdiction. Because we conclude the facts establish the requisite “minimum contacts” with Florida, we reverse.
Trotwood Corporation [“Trotwood”] is a small Ohio company engaged in the business of designing and manufacturing specialty equipment. In late 1984 and early 1985, over an approximate six month period, Trotwood designed and manufactured a “horizontal coating machine” for Price Brothers Company [“Price Brothers”] for use in coating metal pipes with concrete. This is a “major” piece of machinery, costing $247,625. Although they dealt with the Price Brothers’ Dayton, Ohio, office, Trotwood was aware that the machine was destined for Price Brothers’ Palatka, Florida, facility. Trot-wood placed the machine on flatbed trucks at their plant and Price Brothers shipped the machine to Palatka, Florida.
Ronald W. Gillins, one of two plaintiffs below, was employed by Price Brothers in its Palatka plant. He allegedly sustained injuries when the horizontal coating machine unexpectedly rolled over on his lower extremities. He and his wife, Shirley, brought an action in negligence and strict liability against Trotwood in Putnam County.[1]
Trotwood moved to dismiss the complaint for lack of jurisdiction, contending that it lacked sufficient minimum contacts with the state of Florida to subject it to jurisdiction in this state. Affidavits and depositions submitted in support of the motion show that Trot-wood is an Ohio corporation with its sole office and only place of business in Trotwood, Ohio. The company is not authorized to do business in Florida, does not solicit business in Florida and has no office or agent for service of process in this state. Trotwood also owns no real or personal property located in the State of Florida.
Trotwood concedes that the complaint alleges contacts sufficient to meet the requirements of Florida’s long-arm statute in that Trotwood is alleged to have caused personal injuries within the state. However, Trot-wood argued that it could not be subjected to *694 jurisdiction in this state because of federal due process requirements. The Gillins urge that Trotwood is subject to jurisdiction in this state because it manufactured a machine which ⅛ knew was destined to be used in Florida. It appears that the reasoning of the court found in Johnson v. Goodyear S.A. Colmar Berg, 716 F.Supp. 531 (D.Kan.1989) on the federal due process issue is applicable here.[2] In Johnson, a Luxembourg corporation manufactured a tire-making machine on a special order basis, knowing that it was to be placed in its customer’s facility in Topeka. When it caused injury there, jurisdiction was held to be proper in Kansas. The controlling principle appears to be that by undertaking to specially manufacture equipment knowing its intended destination is a certain state, the manufacturer purposefully creates a connection with that state substantial enough to support in personam jurisdiction in a case where an alleged defect in the product causes injury. Accordingly, we reverse the order of no jurisdiction and remand.
REVERSED and REMANDED.
W. SHARP and THOMPSON, JJ., concur.

. The complaint also named Diversified Design Technology ["Diversified”] as a defendant. Diversified is a foreign corporation which prepared design drawings for Trotwood which were used to manufacture the machine. Diversified is not involved in this appeal.

. See also Redwine v. Franz Plasser Bahnbaumas-chinen Industriegesellschaft, 794 F.Supp. 1062 (D.Kan.1992).