DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROSSOCORSA S.r.l.,** an Italian corporation,
Appellant,

v.

**GREGORY ROMANELLI,** individually,
**TR3 RACING, INC.,** a Florida corporation,
**FERRARI S.p.A.,** an Italian corporation,
**FERRARI NORTH AMERICA, INC.,** a Delaware corporation, and
**THE COLLECTION, LLC**, a Florida limited liability company,
Appellees.

No. 4D21-230

[July 14, 2021]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE-19-025713.

Brian S. Dervishi, John Borgo, and Peter A. Tappert of Weissman & Dervishi, P.A., Miami, for appellant.

Irwin R. Gilbert of Conrad & Scherer, LLP, Fort Lauderdale, for appellees Gregory Romanelli and TR3 Racing, Inc.

WARNER, J.

Appellant, an Italian automobile dealership, appeals from the court's order denying its motion to dismiss for lack of personal jurisdiction. Appellees, a Florida-based racing team and its driver, sued appellant in Florida for a defective racing car purchased from appellant in Italy after the car crashed during a race in Connecticut, severely damaging the car and injuring the appellee driver. Because the court erred in finding that statutory long-arm jurisdiction was alleged, we reverse.

Appellees Gregory Romanelli and TR3 Racing, Inc. are both Florida residents. Appellant is an Italian automobile dealership selling Ferrari motor vehicles. Its primary place of business is in Milano, Italy.

TR3 Racing contacted appellant in Italy looking for a specific racecar for its team. The parties could not come to terms on the specific vehicle the team wanted. Several weeks later, appellant contacted the racing company, because it now had a version of the same vehicle available at a lower price. The complaint alleges appellant knew the racing company intended to race the car in the first race of the 2016 Ferrari Challenge North America Trofeo Pirelli, which was set to take place later that year in Florida. Appellant sold the vehicle to TR3 and knew that the racing team was shipping it to Florida.

Romanelli was driving the race car in a Connecticut race when he crashed due to an alleged failure in the vehicle's braking system. He suffered serious injuries, and the car was severely damaged. Both Romanelli and TR3 filed suit against appellant and other defendants. As to appellant, Romanelli sued appellant alleging a strict liability action for a manufacturing defect. TR3 Racing sued appellant alleging a breach of implied warranty of fitness for a particular purpose.

Appellant moved to dismiss the complaint for lack of personal jurisdiction. Appellant alleged that the complaint failed to show jurisdiction under the Florida long-arm statute and that it lacked sufficient minimum contacts with Florida to satisfy due process. The court held a hearing and denied the motion, concluding that a tort occurred in Florida because a defective vehicle was sold to a Florida resident, and appellant knew that the vehicle would be used in Florida. This appeal followed.

This Court reviews a trial court's ruling on a motion to dismiss for lack of personal jurisdiction de novo. *Astro Aluminum Treating Co. v. Inter Contal, Inc.*, 296 So. 3d 462, 466 (Fla. 4th DCA 2020).

In *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989), the Florida Supreme Court established a two-part process a plaintiff must follow to acquire personal jurisdiction over a non-resident defendant. First, the plaintiff must allege sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute. *Id.* at 502. If the long-arm statute applies, the second inquiry is whether sufficient minimum contacts are demonstrated to satisfy due process requirements. *Id.* We conclude that appellees failed to allege the first part, namely statutory long-arm jurisdiction.

A non-resident who commits a tortious act within Florida is subject to the jurisdiction of the state's courts. In relevant part, Florida's long-arm statute provides:

2

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> . . . .
>
> 2. Committing a tortious act within this state.

§ 48.193(1)(a)2., Fla. Stat. (2019). "[T]he plain language of the statute requires that the actual tortious act be committed within the state." *Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa*, 241 So. 3d 938, 947 (Fla. 3d DCA 2018).

In this case, Romanelli's claim against appellant is a tort claim of strict liability. He contends that the tortious act occurred when the vehicle was delivered. He relies primarily on *Bolton v. Bunny's Pride & Joy, I, Inc.*, 521 So. 2d 327 (Fla. 4th DCA 1988). In *Bolton*, the defendant corporation delivered a conversion van to a retail sales outlet in Florida pursuant to an ongoing contractual relationship between the defendant and the sales outlet. *Id.* at 327. The plaintiffs, Florida residents, purchased the van from the sales outlet in Florida. *Id.* at 328. While driving the van to Indiana, a seat installed by the defendant collapsed, resulting in injury to the plaintiffs. *Id.* Although the accident and injury occurred outside the state, this Court held that delivery of a defective product into Florida for placement in the stream of commerce constitutes committing a tortious act within the state as provided for in the long-arm statute. *Id.* at 327.

There is a clear distinction between *Bolton* and this case. In *Bolton*, the defendant had an ongoing relationship with a sales outlet in Florida, and it delivered the defective vehicle to Florida. In this case, however, the allegations in the complaint established that the vehicle was designed and manufactured in Italy. TR3 Racing purchased and took delivery of the vehicle in Italy, and shipped it back to Florida. Finally, the accident and injury occurred in Connecticut. These alleged facts establish that no tortious act was committed in Florida. Accordingly, the court erred in finding statutory long-arm jurisdiction for Romanelli's claim.

The facts as alleged in the complaint show that no tortious act was committed in Florida. The race car was designed and manufactured in Italy and was delivered to TR3 Racing in Italy. The accident and injury

occurred in Connecticut.  The court erred in finding statutory long-arm jurisdiction for Romanelli's claim.

Similarly, the breach of implied warranty of fitness for a particular purpose alleged by TR3 Racing does not have a connection to Florida. Appellees claim that section 48.193(1)(a)7. provides a basis for jurisdiction over a non-resident that breaches a contract in this state "by failing to perform acts required by the contract to be performed in this state."  The complaint does not allege acts required by the contract of sale to be performed in Florida.  A breach of warranty occurs at the time of delivery. *See AB CTC v. Morejon,* 324 So. 2d 625, 628 (Fla. 1975); *A.J. Sackett & Sons Co. v. Frey,* 462 So. 2d 98, 99 (Fla. 2d DCA 1985).  Since the breach of implied warranty for fitness for a particular purpose occurred at delivery, and delivery was in Italy, not Florida, the contract was not breached "by failing to perform acts required by the contract to be performed in this state."  § 48.193(1)(a)7., Fla. Stat. (2019).

Appellees cite to several cases for the proposition that even an isolated sale made with knowledge that the product will be used in Florida is sufficient to subject the seller to the jurisdiction of Florida courts.  One of those cases in particular, *Gillins v. Trotwood Corp.,* 682 So. 2d 693 (Fla. 5th DCA 1996), has similar facts.  But the issue in *Gillins* and in the other cases cited by appellees was the question of minimum contacts, the second part of the *Venetian Salami* test.  *Id.* at 693.  *Gillins* involved a defective product shipped to Florida which caused injury in this state; long-arm jurisdiction was clear.  Thus, *Gillins* fails to provide support for the establishment of long-arm jurisdiction in this case.

Because appellant did not deliver the race car in Florida, it committed no tortious act in Florida, nor did it breach a contract requiring acts to be performed in Florida.  Statutory long-arm jurisdiction was not established.  The court erred in denying appellant's motion to dismiss for lack of personal jurisdiction.  We reverse and remand for entry of an order dismissing appellant.

*Reversed and remanded.*

CONNER, C.J., and DAMOORGIAN, J., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

4