**BECHER CORPORATION, Plaintiff,**
**v.**
**ANDERSON–TULLY CO., Defendant.**
**No. 65–C–164.**

United States District Court
E. D. Wisconsin.
March 31, 1966.

David L. Walther, Milwaukee, Wis., for plaintiff.

George D. Young, Milwaukee, Wis., John D. Martin, Jr., Memphis, Tenn., for defendant.

REYNOLDS, District Judge.

This case is before the court on defendant's motion to dismiss the complaint or to quash the return of the summons.

The complaint alleges that three separate orders for sets of beds were placed by the plaintiff, a Wisconsin corporation, with the defendant, a Michigan corporation having its principal place of business in Memphis, Tennessee. The order referred to in the first cause of action, placed on or about October 19, 1964, was for 100 sets, of which 62 were returned to plaintiff, after sale to its customers, because of alleged defective manufacture. The remaining 38 sets were not sold by the plaintiff because of alleged defects in manufacture. The order referred to in the second cause of action for 300 sets of beds was placed on or about September 4, 1964. Of the number ordered, it is alleged that 169 were not shipped to plaintiff. Of the 131 sets shipped, it is alleged that 50 were in defective condition and could not be sold to plaintiff's customers. The third order,[1] placed on or about November 18, 1964, was for 700 sets. It is alleged that none of these were delivered to plaintiff, and that plaintiff had contracted with its customers for the sale of these beds. Plaintiff seeks damages totaling $76,-275.45.

Service of the summons and complaint was made at Memphis, Tennessee, on George W. Beggs, secretary-treasurer of the defendant. Jurisdiction is asserted under § 262.05(4) (b), (5) (c), and (5) (e) of the Wisconsin Statutes. Rule 4 (d) (7), Federal Rules of Civil Procedure.

The defendant's position is that it is not subject to service or personal jurisdiction under the Federal Rules of Civil Procedure or the laws of the State of Wisconsin because it did not have sufficient minimal contact with Wisconsin to support either service or personal jurisdiction.

In support of its motion, the defendant has submitted the affidavit of George W. Beggs, secretary-treasurer of Anderson-Tully Co. This affidavit discloses that the defendant corporation is not qualified as a foreign corporation with the State of Wisconsin; maintains no office or place of business in Wisconsin; has no officers, directors, managing agents, or employees in Wisconsin; and does not keep its goods, wares, or merchandise in Wisconsin. The affidavit further states that in each transaction between the plaintiff and the defendant, the plaintiff placed an order by mail, or long distance telephone, which was accepted by

---

1. The affidavits on file indicate a dispute as to whether or not the order of November 18, 1964, was accepted and, if it was accepted, whether or not it was subsequently cancelled by the plaintiff. A determination of this issue is not necessary for purposes of this motion and can await a trial on the merits.

the defendant in Memphis, Tennessee. Merchandise ordered by the plaintiff was delivered by the defendant to a common carrier for delivery to plaintiff. The defendant itself delivered no merchandise in Wisconsin.

The Beggs' affidavit also discloses that as a result of complaints from the plaintiff concerning the orders set forth in the complaint, the defendant sent Thomas L. Hannah, sales manager for defendant's Dimension Department, to Milwaukee to hear the complaints and discuss possible adjustment of them. When plaintiff became delinquent in payment of its account, the affidavit shows that defendant filed a claim with its credit insurance company which undertook, through its regular attorneys in Milwaukee, to collect the account.

In support of its motion, the defendant has also submitted the affidavit of Thomas L. Hannah. This affidavit discloses that in the six years preceding the commencement of this action, the plaintiff made approximately fifty purchases from the defendant. Each purchase was the result of an order from plaintiff accepted in Memphis. Shipment of the merchandise was by common carrier. The affidavit also shows that the defendant has made no sales in Wisconsin, other than to the plaintiff, in the two-year period next preceding the commencement of this action.[2]

Plaintiff has submitted the affidavit of Ray G. Karrels, plaintiff's president. This affidavit discloses that more than fifty contracts in the six years preceding this action have been entered into between plaintiff and defendant. It further shows that Thomas L. Hannah made two trips to Milwaukee to discuss the complaints concerning the orders which are the basis of this action, and that, in

addition, there were numerous letters and telephone calls exchanged between the parties concerning these complaints. The affidavit also recites that a Milwaukee attorney had contacted plaintiff concerning defendant's claim for the purchase price of the goods involved in this action, and that at one time this attorney told the affiant that if the purchase price was not paid, Anderson-Tully Co. would commence suit in a Wisconsin court to recover the purchase price. The affidavit makes mention of the fact that most of the important witnesses in this action reside in Wisconsin.

The sole question before the court on this motion is whether the application of § 262.05 under the circumstances of this case amounts to due process of law.

The defendant's position is that the test for valid exercise of personal jurisdiction as set forth in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), is offended by the application of § 262.05 to the facts involved in this case.

Plaintiff, on the other hand, argues that McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), has expanded the *International Shoe* test, and that the jurisdictional facts established in this case, viewed in the light of *McGee*, support the exercise of personal jurisdiction consonant with due process requirements.

The defendant's response to this contention is that McGee has been limited to the insurance field by Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Defendant cites Trippe Manufacturing Co. v. Spencer Gifts, Inc., 270 F.2d 821 (7th Cir. 1959), in support of this contention.

The *Trippe* case dealt with the construction of the Illinois "long arm" stat-

---

**2.** The affidvait of George W. Beggs states that within the two years or more preceding the filing of this suit, defendant had no contact with any Wisconsin company except plaintiff. The affidavit of Ray G. Karrels disputes this and asserts that the defendant contracted with other Wisconsin companies "at least three years ago and in years prior to that time." The affidavit of Thomas L. Hannah states no such contracts were made in the two years preceding this action. This is the period used in the defendant's brief and will be the period considered by the court for the purposes of this motion.

ute, and that decision did not reach the question of the due process requirement for personal jurisdiction that is now before this court.

Further, the argument that the *McGee* case has been limited to the insurance field has previously been rejected in this district. Wisconsin Metal & Chemical Corp. v. DeZurik Corp., 222 F.Supp. 119, 123 (E.D.Wis.1963); accord, Kornfuehrer v. Philadelphia Bindery, Inc., 240 F.Supp. 157 (D.Minn.1965).

In connection with the argument that the *McGee* case has been limited in its application to the insurance field, this Court does not see any substantial difference between a State's interest in providing its residents with a forum for suits against foreign insurance companies and a State's interest in providing a forum in other contract actions, such as those involved in the present case and in *Kornfuehrer*, supra.

The *Kornfuehrer* case presents an excellent example of the application of the *McGee* test to a noninsurance contract situation. The facts in that case involved a plaintiff, a resident of Minnesota, who wrote to a defendant, a Pennsylvania corporation, to inquire if the defendant manufactured spring back binders. A series of letters discussing specifications and terms culminated in plaintiff's placing an order for binders which was accepted by the defendant. Later the defendant informed plaintiff that there had been an error in cost estimates and that the binders ordered could be produced only at a substantially higher cost. Plaintiff had made commitments that prevented him from cancelling the order, and he eventually commenced an action for breach of contract. The court held that the facts of the transaction supported application of the Minnesota One Act Statute, § 303.13(1) (3), Minn.Stat. (1961), and that such application did not offend due process under the *McGee* rule. In so holding, the court concluded, at page 162, that "* * * the fact that the Bindery had entered a contract with a Minnesota resident to supply the resident with its product in the normal course of its profit-making activities was sufficient contact with Minnesota to allow the State to exercise personal jurisdiction for causes of action arising out of the contract. * * *"

The facts of the present case are much more compelling than those in *Kornfuehrer*. Defendant here entered into approximately fifty contracts, in the normal course of its profit-making activities, with this Wisconsin plaintiff in the six years next preceding the commencement of this action. This consistent pattern of business activity with a Wisconsin customer has certainly established a substantial connection with this State, so that due process is not offended by Wisconsin's exercising personal jurisdiction over the defendant when the plaintiff asserts causes of action arising out of those business activities.

For the foregoing reasons, the defendant's motion to dismiss the complaint or to quash the return of service must be and the same is hereby denied.