No. 44,968

Donald L. Tilley, (*et al.*) (Consolidated with Cases Nos. 22,249, 22,319 and 22,320), *Appellants,* v. Keller Truck and Implement Corporation, a corporation, *Appellee,* and International Harvester Company, a corporation, Defendant.

(438 P. 2d 128)

Opinion filed March 9, 1968.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *H. Lee Turner, Max E. Eberhart* and *Jack G. Duncan,* all of Great Bend, were with him on the brief for the appellant.

*Tudor W. Hampton,* of Great Bend, argued the cause, and *Jerry M. Ward* and *Herb Rohleder,* both of Great Bend, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal was taken from an order quashing service and dismissing four cases as they relate to Keller Truck and Implement Corporation. Claims for relief in damages were filed in four separate cases asking for *in personam* judgments based upon injuries received in a car-truck accident in Barton County, Kansas. The cases were consolidated for all purposes necessary to the instant appeal. Summons was served in each case upon the defendant Keller Truck personally in the State of Colorado as provided in K. S. A. 60-308.

The order quashing service and dismissing the actions against Keller Truck does not affect the defendant International Harvester Company, a corporation, and our decision here will not predispose the claims for relief so far as they relate to the International Harvester Company.

The injuries received by each of the plaintiffs are alleged to have been caused when the right rear wheel of a new truck owned and operated by the plaintiff Donald D. Tilley broke completely. The truck overturned in the highway immediately in front of a car owned and operated by plaintiff Frank V. Kincaid. A collision of the car and truck resulted. It was alleged the wheel was defectively manufactured, assembled and tested by the manufacturer, International Harvester Company. It was further alleged the retailer, Keller Truck, was negligent in selling, inspecting and delivering the same. A second count in each claim for relief alleged a breach of express and implied warranty of fitness for use. The other two plaintiffs were passengers in the Kincaid vehicle.

The facts upon which the order of dismissal was based are not in dispute. These facts are taken from the petition, from an affidavit and from depositions obtained and filed in support of the motions to dismiss.

The plaintiff Tilley lived in Boulder, Colorado, and purchased the truck from the defendant Keller Truck in Lafayette, Colorado. Keller Truck is a Colorado corporation and is an authorized retail dealer in new trucks manufactured by International Harvester Company. Plaintiff Tilley was engaged in the cattle business at Boulder, Colorado. After purchasing the truck Mr. Tilley drove it to Missouri and on returning home he took the truck to the dealer for a "thousand mile checkup." The mechanic checked the wheel flange nuts,

noticed a grease leak on the wheel flange and completed the work required by the "thousand mile checkup." At that time the odometer registered 1600 miles.

Mr. Tilley then hauled a second load of cattle destined for Missouri but the right rear wheel broke in Barton County, Kansas. The injuries complained of in these actions resulted.

Keller Truck did a strictly local retail business in Lafayette, which city is over 150 miles from the Kansas-Colorado line. The manager of the corporation testified he had been with Keller Truck more than three years and during that time they had not sold a single truck to a non-resident of Colorado. The corporation has never been qualified to do business in Kansas and has not sought such qualification. It has never maintained a place of business or a point of distribution, owned or used real or personal property, delivered merchandise to or performed services for residents in Kansas. None of its officers, directors, employees and agents have resided in Kansas during their association with the corporation. The company has never solicited business or performed services within the State of Kansas and products sold or serviced by it are not consumed or used in Kansas in the ordinary course of trade and use.

The manager of the corporation did know, or had reason to know, the plaintiff Tilley was going to use the truck to haul some cattle to Missouri. He could reasonably foresee this truck would travel through the State of Kansas.

In order to more clearly define the posture of the parties in this case we will refer to the appellants as the plaintiffs and to the appellee Keller Truck as the defendant or the corporation.

The plaintiffs contend the business activities of the defendant fall within the purview of K. S. A. 60-308 (b) (5) and subject the corporation to *in personam* jurisdiction in Kansas. They contend provision (ii) of subsection (5) of the statute should be construed to authorize such jurisdiction when the defective truck caused injury in Kansas and defendant could foresee a use of the truck in Kansas.

The defendant in this case could reasonably anticipate the sale and service in Colorado would have potential consequences in Kansas if its acts and omissions resulted in injury in this state.

The trial court determined that the particular provision of the statute (K. S. A. 60-308 [b] [5] [ii]) required more than an injury

coupled with a foreseeable use of the truck in Kansas. It based its decision upon a lack of minimum contact by which the defendant purposefully availed itself of the privilege of conducting activities within Kansas, and without which it could not be subjected to *in personam* jurisdiction.

In order to understand the permissible reach of our statute authorizing personal service outside the state it is necessary to review briefly certain decisions of the United States Supreme Court which bear upon the due process requirement of the Fourteenth Amendment to the United States Constitution, § 1.

Prior to the year 1945 the traditional approach to accessibility of a defendant to *in personam* jurisdiction was based upon "presence or domicile" in the forum state, (*Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565; *Hess v. Pawloski*, 274 U. S. 352, 71 L. Ed. 1091, 47 S. Ct. 632; *Milliken v. Meyer*, 311 U. S. 457, 85 L. Ed. 278, 61 S. Ct. 339, 132 A. L. R. 1357) or upon "implied consent" from doing business in the forum state. (*Lafayette Ins. Co. v. French, et al.*, 59 U. S. [18 Howard] 404, 15 L. Ed. 451; *People's Tobacco Co. v. American Tobacco Co.*, 246 U. S. 79, 62 L. Ed. 587, 38 S. Ct. 233; *International Harvester Co. v. Kentucky*, 234 U. S. 579, 58 L. Ed. 1479, 34 S. Ct. 944.)

The more recent approach to accessibility grows out of five decisions of the United States Supreme Court in which that court defined certain concepts of due process in several fact situations to determine if personal service outside a forum state upon a "non-domiciliary" met the substantive due process requirement of the Fourteenth Amendment.

The term "non-domiciliary" will be used to designate a person or corporation not accessible to *in personam* jurisdiction on the basis of presence, domicile, residence or doing business as understood prior to 1945.

The five decisions of the Supreme Court of the United States had all appeared prior to the enactment of K. S. A. 60-308 and the notes of the advisory committee that assisted in drafting this legislation make reference to the first two of these decisions. These decisions are: *Internat. Shoe Co. v. Washington*, 326 U. S. 310, 90 L. Ed. 95, 66 S. Ct. 154, 161 A. L. R. 1057, decided in 1945; *Travelers Health Assn. v. Virginia*, 339 U. S. 643, 94 L. Ed. 1154, 70 S. Ct. 927, decided in 1950; *Perkins v. Benguet Mining Co.*, 342 U. S. 437, 96 L. Ed. 485,

72 S. Ct. 413, decided in 1952; *McGee v. International Life Ins. Co.,* 355 U. S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199, decided in 1957; and *Hanson v. Denckla,* 357 U. S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228, decided in 1958.

The decisions involved a variety of state statutes in a variety of fact situations but all had one common determinative question. (*i. e.*) What are the proper standards to be met when imposing *in personam* jurisdiction upon a non-domiciliary, in order to comply with the due process clause?

In *International Shoe* the court stated:

". . . [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not within the territory of the forum, he have certain minmum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." (326 U. S. at 316, 90 L. Ed. at 102.)

In *Travelers Health* the court approved the concepts adopted in *International Shoe* and in addition emphasized a concept of "the interest of the forum" in protecting its citizens, and itself, in the area of the subject matter which is the basis of the claim for relief.

In *Perkins* the court evaluated the concepts of "fair play and substantial justice" and "interest of the forum" in the light of the "quantity and quality of defendant's contacts" within the forum state.

In *McGee* the concepts by which to determine due process seem to have been further refined so that quantity of contacts with the forum state is de-emphasized. Servicing a single insurance policy of an insured who died in the forum state was "a substantial connection" with the state justifying *in personam* jurisdiction.

In *Denckla*, which is the last of these five cases, the court refused to approve *in personam* jurisdiction over a non-domiciliary and stated:

". . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (357 U. S. at 253, 2 L. Ed. 2d at 1298.)

With these concepts of due process in mind we turn to our Kansas statute. K. S. A. 60-308 in pertinent part provides:

"(*a*) (1) Personal service of summons may be made upon any party outside the state. If upon a person domiciled in this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force

and effect of personal service of summons within this state; otherwise it shall have the force and effect of service by publication.

. . . . . . . . . . . . . . .

"(*b*) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(1) The transaction of business within this state;

"(2) The commission of a tortious act within this state;

"(3) The ownership, use, or possession of any real estate situated in this state;

"(4) Contracting to insure any person, property or risk located within this state at the time of contracting;

"(5) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided in addition, that at the time of the injury either (*i*) the defendant was engaged in solicitation or service activities within this state; or (*ii*) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use;

"(6) Living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations arising for alimony, child support, or property settlement under article 16, if the other party to the marital relationship continues to reside in the state.

"Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this subsection (*b*) of this section, may be made by personally serving the summons upon the defendant outside this state, as provided in subsection (*a*) of this section, with the same force and effect as though summons had been personally served within this state, but only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this paragraph."

At the outset we must understand that under the rules of statutory construction the word "person" may be extended to bodies politic and corporate. (K. S. A. 77-201 Thirteenth.)

In construing a statute the legislative intent is to be determined from a general consideration of the whole act. (*Natural Gas Pipeline Co. v. Commission of Revenue & Taxation,* 163 Kan. 458, 466, 183 P. 2d 234.) In determining legislative intent the court may properly look to the purpose to be accomplished, the necessity and effect of the statute. (*Natural Gas Pipeline Co. v. Commission of Revenue & Taxation,* supra.)

Under subsection (*a*) (1) of K. S. A. 60-308 *in personam* jurisdiction can be obtained if the person (1) *is domiciled in this state* or (2) *has submitted to the jurisdiction* of the courts of this state. The

statute provides if neither prerequisite is met service outside the state will provide *in rem* jurisdiction only. The statute enumerates six general contacts with the state which are sufficient to be considered as submitting a person to *in personam* jurisdiction. (Subsection [*b*] items [1] through [6] inclusive.) The particular fact situation out of which the present claims for relief arose, as outlined in the petitions, indicate that this is a "product hazard" case arising out of alleged acts or omissions occurring outside the state but resulting in injury within the state.

The authors' comments in Gard's Kansas Code of Civil Procedure 60-308, p. 343, 344, and in Vernon's Kansas Statutes Annotated § 60-308.2 p. 96 suggest that subsection (*b*) (5) was designed to secure *in personam* jurisdiction over non-domiciliary defendants in "product hazard" cases. All parties to this appeal have addressed their attention to this section and so do we.

As previously pointed out the defendant manufacturer, International Harvester Company, is not concerned in this appeal. The questions are limited to the sufficiency of *in personam* jurisdiction of the retail dealer, Keller Truck. There is no question as to the technical sufficiency of the service to comply with subsection (*a*) (2) of the statute and no question is raised here as to actual notice to the defendant. There is no question presented as to general jurisdiction of the forum over the subject matter of such claims for relief.

Therefore, the question of *in personam* jurisdiction in this case depends upon the construction and effect of K. S. A. 60-308 (*b*) (5) when considered within the confines of the present fact situation and as limited by the due process requirement of the Fourteenth Amendment. Our inquiry is further refined by the facts of the present case. It is agreed Keller Truck was not engaged in solicitation or service activities within this state at the time of the injuries. Therefore, this appeal is focused upon the construction and meaning of K. S. A. 60-308 (*b*) (5) (*ii*) which provides (at the time of the injury):

"(*ii*) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use; . . ."

This wording follows a similar provision in the Wisconsin Statutes Annotated § 262.05 (4) (*b*). We are unable to find a case in

which the Wisconsin court has construed this specific provision of their statute. However, the United States District Court (E. D. Wisconsin) has construed the Wisconsin statute. In an action arising from a shipment of defective merchandise into that state, it was held the defendant had sufficient contact with the forum state by reason of previous shipments totalling over fifty orders of similar merchandise. The court said the defendant had received the financial benefits from trade or use of its products in the forum state as contemplated by the statute. (*Becher Corporation v. Anderson-Tully Co.*, 252 F. Supp. 631 [1966].)

The United States District Court for Kansas has held that the requirements of K. S. A. 60-308 (*b*) (5) were met when a defendant manufacturer obtained financial benefit as a direct result of advertisement and subsequent sale of its product in the State of Kansas through a retail outlet. (*Myers v. Fox River Tractor Co.*, No. T-3796, D. Kan., Oct. 1965.)

The cases from other jurisdictions generally hold that there must be something more in "product hazard" cases than a foreseeable injury from the product to fulfill the minimum contact requirement of due process. If the defendant advertises, solicits or sells its product in the forum state it then has or can anticipate some direct or indirect financial benefit from the sale, trade, use or servicing of its products in the forum state. It is then subject to *in personam* jurisdiction. The particular product or service causing the injury need not be sold or performed in the forum state but the defendant must reasonably have or anticipate financial benefit from the sale, trade, use or servicing of its products in the forum state. (*W. H. Elliott & Sons Co. v. Nuodex Products Co.*, 243 F. 2d 116, cert. den. 355 U. S. 823, 2 L. Ed. 2d 38, 78 S. Ct. 30; *Florio v. Powder Power Tool Corp.*, 248 F. 2d 367 [D. C. Pa. 1957]; *O'Brien v. Comstock Foods, Inc.*, 123 Vt. 461, 194 A. 2d 568; *State v. MacPherson*, 62 N. M. 308, 309 P. 2d 981, cert. den. 355 U. S. 825, 78 S. Ct. 32, 2 L. Ed. 2d 39; *Phillips v. Anchor Hocking Glass Corporation*, 100 Ariz. 251, 413 P. 2d 732.)

This construction is reasonable and proper under our statute and it appears to meet the requirements set forth in *Hanson v. Denckla*, supra.

Appellants rely largely on three cases for their construction of this statute. These cases are *Gray v. Amer. Radiator & Sanitary Corp.*, 22 Ill. 2d 432, 176 N. E. 2d 761; *Feathers v. McLucas*, (N.

Y.) 21 A. D. 2d 558, 251 N.`Y. S. 2d 548, and *Atkins v. Jones-Laughlin Steel Corp.*, 258 Minn. 571, 104 N. W. 2d 888. All of these causes involve the *manufacturer* of a product. In these cases each manufacturer was a corporation doing a multi-state business. The statutes concerned, under which service outside the state was obtained, did not contain provisions comparable to K. S. A. 60-308 (*b*) (5) (*ii*).

In *Feathers v. McLucas,* supra, the question of foreseeability was raised in determining whether "traditional notions of fair play and substantial justice" would be offended. However, the court in making its decision recognized the requirement set out in *Hanson v. Denckla,* supra. It is interesting to note that after the *Feathers* case was decided the State of New York shortened the "long arm" of their statute. The New York statute now provides for *in personam* jurisdiction *if* the defendant:

". . . (*i*) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

"(*ii*) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; . . ." (N. Y. CPLR § 302 (*a*), effective September 1, 1966.)

We cannot agree with appellant that the requirement intended by the provision (*ii*) of subsection (*b*) (5) of our statute is limited to foreseeability of potential consequences in the forum state, if the product proves defective. Such a construction would subject every gasoline filling station owner in the United States to *in personam* jurisdiction in Kansas.

To illustrate, assume a tourist with a Kansas car license buys a tire for his car from a retail station in Alaska. The retailer sells and mounts the tire in Alaska. The tire causes an accident resulting in injuries in Kansas. The injured party alleges the Alaskan retailer was negligent in selling, installing and inspecting a defective tire. The retailer knew the tourist was from Kansas and could foresee such an injury in Kansas if the tire was defective. Should the Alaskan retailer be required to defend the action in Kansas? We believe he should not. It would offend traditional notions of fair play and substantial justice and such result was not intended by the legislature of this state.

The Kansas statute was designed to exert *in personam* jurisdiction in those fact situations which are within the confines of the sub-

stantive due process requirement. The defendant Keller Truck has not submitted itself to *in personam* jurisdiction in Kansas and process upon it served outside the state obtained *in rem* jurisdiction only as provided in subsection (*a*) (1) of K. S. A. 60-308.

We come to appellants' second question. Is K. S. A. 60-308 unconstitutional as being in violation of the due process clause of the United States Constitution? Although this question has been indirectly answered by the previous discussion we will examine the question more directly.

The constitutionality of a statute is presumed and all doubts must be resolved in favor of its legality and before it may be stricken down it must clearly appear the statute violates some express or implied provision of the Constitution. (*State v. Latham & York,* 190 Kan. 411, 423, 375 P. 2d 788.)

As previously pointed out the legislature must have had in mind the United States Supreme Court's decisions defining the due process clause. The statute appears to have a protection against violation of the due process clause built into the act. It provides for *in rem* jurisdiction if a person has not submitted himself to the jurisdiction of the courts of this state. Therefore, the statute might conceivably be applied by a court in a particular fact situation so as to reach an unconstitutional result but the statute itself would not violate the Constitution.

Similar statutes designed to authorize *in personam* jurisdiction over non-domiciliaries have been held constitutional in other states. (See *International Harvester v. Commonwealth of Kentucky,* supra; *Shippers Pre-Cooling Service v. Macks,* [5th Cir.] 181 F. 2d 510, and cases cited therein.) This has been true whether the statute is tested under the commerce clause or the due process clause. (*Florio v. Powder Power Tool Corp.,* supra.)

We decline to hold the Kansas statute unconstitutional.

The trial court entered an order of dismissal as to the appellee, Keller Truck, not because it considered K. S. A. 60-308 unconstitutional but because of the fact situation in which *in personam* jurisdiction was attempted. Keller Truck & Implement Corporation's motion to quash service was properly sustained.

The judgment dismissing the action as to the appellee, Keller Truck & Implement Corporation, is affirmed.