**FOUR B CORP., et al., Plaintiffs,**

v.

**UENO FINE CHEMICALS INDUSTRY, LTD., et al., Defendants.**

**Civil Action No. 01–2394–CM.**

United States District Court, D. Kansas.

Jan. 8, 2003.

Patrick J. Stueve, Amy E. Bauman, Todd E. Hilton, Stueve Helder Siegel LLP, Kansas City, MO, Peggy A. Wilson, Peggy A. Wilson, PA, Leawood, KS, for plaintiffs.

John J. Miller, Kansas City, MO, Victoria L. Smith, David E. Everson, Jr., Stinson Morrison Hecker LLP, Kansas City, MO, Herbert S Washer, New York, NY, James J Garrett, Morrison & Foerster LLP, Walnut Creek, CA, Aton Arbisser, Los Angeles, CA, Robert A. Horn, Sarah Yehle Fulkerson, Horn, Aylward & Bandy LLC, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

This purported class action arises out of an alleged international conspiracy to fix the prices of sorbates, including potassium sorbate and sorbic acid, which are chemical preservatives used in food products. Plaintiffs are "indirect purchasers" of sorbates, who allegedly purchased products containing sorbates that were manufactured and sold by defendants. Plaintiffs allege that defendants engaged in the manufacture and sale of sorbates throughout the world and specifically in Kansas. Plaintiffs further allege that defendants' conspiracy to control the prices of sorbates affected over $1 billion in U.S. commerce and that they sustained damages due to defendants' actions. Plaintiffs contend that defendants' actions in fixing the prices of sorbates was in violation of Kansas antitrust law, Kan. Stat. Ann. § 50–101, et seq.

Pending before the court are defendants Ueno Fine Chemicals Industry (USA),

Inc., Ueno Fine Chemicals Industry, Ltd., and Chisso Corporation's Motions to Dismiss for Lack of Personal Jurisdiction (Docs. 105, 107 & 109). All moving defendants (referenced collectively herein as "defendants") ask the court to dismiss them from the action based upon a finding that the exercise of personal jurisdiction over them is improper. As set forth herein, defendants' motions are granted.

- **Motion to Dismiss for Lack of Personal Jurisdiction Under Fed. R.Civ.P. 12(b)(2)**

Plaintiffs bear the burden to establish personal jurisdiction over defendants. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir.1992). In order to demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, plaintiffs need only make a prima facie showing that jurisdiction exists.[1] *Ten Mile Indus. Park v. W. Plains Serv. Corp.,* 810 F.2d 1518, 1524 (10th Cir.1987). In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendants' affidavits. *Id.* However, plaintiffs have the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.,* 887 F.2d 1371, 1376 (10th Cir.1989). The plaintiffs' complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiffs. *Fed. Deposit,* 959 F.2d at 174.

Whether this federal court has personal jurisdiction over the moving nonresident defendants in this diversity action is determined by the law of Kansas, as it represents "the law of the forum state." *Yarbrough v. Elmer Bunker & Assocs.,* 669 F.2d 614, 616 (10th Cir.1982); *see also* Fed.R.Civ.P. 4(e). In analyzing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the court applies a two-part test. First, it determines if defendants' conduct falls within one of the provisions of the Kansas long-arm statute. Second, it determines whether defendants had sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990). The court now applies these tests to determine whether plaintiffs have met their burden to make a prima facie showing of this court's personal jurisdiction over each of the moving defendants.

- **Defendant Ueno Fine Chemicals Industry (USA), Inc.'s Motion (Doc. 105)**

Plaintiffs contend that the exercise of jurisdiction over defendants is appropriate under subsections (b)(1), (b)(2), and (b)(7) of the Kansas long-arm statute. Kan. Stat. Ann. § 60 308. Moreover, plaintiffs contend that the exercise of jurisdiction over defendants comports with due process principles. Defendant Ueno Fine Chemicals Industry (USA), Inc. (referenced as "Ueno USA") asserts that it is not subject to personal jurisdiction in this court under either the "transacting business" or the "product liability" provisions of the Kansas long-arm statute. In addition, defendant Ueno USA asserts that the exercise of jurisdiction over it would violate federal due process concepts because

---

1. Eventually, of course, plaintiffs must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir. 1984); *Wilson v. Olathe Bank,* 1998 WL 184470, at *1 (D.Kan. March 2, 1998).

it has not "purposefully directed" activities toward Kansas and further that such exercise of jurisdiction would violate traditional notions of fair play and substantial justice.

- **Kansas Long–Arm Statute**

- **Section 60–308(b)(1)**

Defendant Ueno USA contends that it has not "purposefully" done any business in Kansas or directed any activity toward Kansas. In addition, defendant Ueno USA contends that plaintiffs' claims do not and cannot arise from any act or transaction by Ueno USA in Kansas.

Under the Kansas long-arm statute, a non-resident submits to the jurisdiction of the State of Kansas as to any cause of action arising from the "[t]ransaction of any business" within Kansas. Kan. Stat. Ann. § 60–308(b)(1).

> "Business" is transacted within the state when an individual is within or enters this state in person or by agent and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions and satisfy his desires. The transaction of business exists when the nonresident purposefully does some act or consummates some transaction in the forum state.

*Volt Delta Res., Inc. v. Devine*, 241 Kan. 775, 778, 740 P.2d 1089, 1092 (1987). "The transaction of business exists when the nonresident purposefully does some act or consummates some transaction in the forum state." *Anderson v. Heartland Oil & Gas, Inc.*, 249 Kan. 458, 467–68, 819 P.2d 1192, 1199 (1991). For jurisdiction to exist under subsection (b)(1) of § 60–308, there must be a nexus between the transaction of business and the alleged claim. *Kluin*

*v. Am. Suzuki Motor Corp.*, 56 P.3d 829, 835 (2002).

Finding the requisite "transaction of any business" demands an examination of all of the defendants' activities within Kansas which related to the present cause of action. Here, plaintiffs generally allege that defendant Ueno USA "directly or through its affiliates, engaged in the business of the manufacture, distribution and/or sale of sorbates throughout the United States and the world, including Kansas." (Pls.' Compl. at ¶ 14). In addition, plaintiffs allege that "[t]hrough distributors, defendants sold sorbates in Kansas to various indirect purchasers." (*Id.* at ¶ 53).

However, defendant Ueno USA presents an affidavit contending that Ueno USA "do[es] not sell any sorbates products to any resident of Kansas" and that it "ha[s] not sold any sorbate products to [plaintiffs] Four B Corporation, Cosentino Group, Inc., Cosentino Enterprises, Inc. or Mid Am Food Enterprises, Inc." [2] (Def. Ueno USA's Resp., Ohashi aff. at ¶¶ 4 & 5). In addition, defendant Ueno USA's affidavit indicates that it has "on some occasions shipped sorbates to factories located in Kansas at the request of only a very few customers, all of whom were located outside of Kansas." (*Id.* ¶ 4).

"In ascertaining the facts necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are *uncontroverted* by defendant's affidavits." *Ten Mile Indus. Park*, 810 F.2d at 1524 (emphasis added) (citing *Behagen*, 744 F.2d at 733). Only the well pled facts of the complaint, as distinguished from conclusory allegations, must be accepted as true. *Id.* Therefore, the court's deter-

---

2. The court notes that this affidavit indicates defendant Ueno USA did not sell sorbates products to four of the five plaintiffs herein.

The affidavit does not reference plaintiff Falley's, Inc.

mination of the issue before it "involves an application of the law to the facts as set forth in the affidavits and complaints, favoring the plaintiff where a conflict exists, as well as a determination as to the legal sufficiency of plaintiff's jurisdictional allegations in light of the facts presented." *Id.*

Here, plaintiffs have alleged that defendants distributed or sold sorbates to various indirect purchasers in Kansas. However, defendant Ueno USA has controverted these allegations in a verified affidavit. Although plaintiffs present an affidavit and portions of a court hearing transcript with their response, neither of these sworn documents support the allegation that defendant Ueno USA has "transacted business" in the State of Kansas. Accordingly, the court finds plaintiffs have failed to controvert defendant Ueno USA's affidavit other than by conclusory allegations in their complaint and briefs. Therefore, the court finds plaintiffs' unverified allegations do not establish the "transaction of business" within the meaning of § 60–308(b)(1), nor do they satisfy the necessary showing of a sufficient nexus between the business transacted, i.e., the defendants' sale of sorbates in Kansas, and the alleged claim, i.e., unlawful price fixing of sorbates sold in Kansas.

Accordingly, although the court recognizes that § 60–308 should be "liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution," *Volt Delta Res., Inc.*, 241 Kan. at 777, 740 P.2d at 1092, the court finds that plaintiffs have failed to make the threshold prima facie showing that the exercise of jurisdiction under § 60–308(b)(1) is appropriate. Defendant Ueno USA's motion is granted on this basis.

● **Section 60–308(b)(2)**

Plaintiffs assert that this court may properly assert personal jurisdiction over defendant Ueno USA under § 60–308(b)(2) because plaintiffs' complaint "alleges economic injury resulting from defendant['s] alleged intentional tortious conduct, i.e., breach of Kansas antitrust statutes." (Pls.' Resp. at 5). Defendant Ueno USA does not address the application of § 60–308(b)(2) to the facts in this case, nor does it offer a specific responsive argument to plaintiffs' assertion of jurisdiction under § 60–308(b)(2) in its response brief.

Section 60–308(b)(2) provides that any person submits to the jurisdiction of the Kansas courts "as to any cause of action arising from ... [the] commission of a tortious act within this state." Kan. Stat. Ann. § 60–308(b)(2). Kansas courts have found that Kansas's long-arm jurisdiction is properly invoked under § 60–308(b)(2) where a plaintiff alleges the commission of tortious activity outside the State of Kansas that causes injury within the State of Kansas. *Ling v. Jan's Liquors*, 237 Kan. 629, 633, 703 P.2d 731, 734 (1985) ("Although [the defendant] has never done business in Kansas, [its] conduct allegedly caused injury ... in Kansas and, therefore, the alleged tort is deemed to have occurred in Kansas"); *Dazey Corp. v. Wolfman*, 948 F.Supp. 969, 973 (D.Kan. 1996) (construing Kan. Stat. Ann. § 60–308(b)(2)).

Although plaintiffs' responsive brief summarily indicates that "Plaintiffs' Complaint alleges economic injury resulting from defendants' intentional tortious conduct, i.e., breach of Kansas antitrust statute" (Pls.' Resp. at 5), plaintiffs' complaint does not allege a tort claim against defendant Ueno USA. Instead, plaintiffs' complaint alleges that defendant Ueno USA's actions violate Kansas antitrust laws, Kan.

Stat. Ann. § 50–101 *et seq.* Plaintiffs have provided no legal support for their contention that a violation of Kansas antitrust laws, constitutes tortious behavior.[3] Because plaintiffs bear the burden to establish personal jurisdiction over defendants, *Fed. Deposit,* 959 F.2d at 174, and have not presented authority to support their argument, the court declines to find that plaintiffs' allegations of Kansas antitrust law violations are per se allegations of the commission of tortious activity sufficient to bring defendant Ueno USA's alleged actions within the purview of § 60–308(b)(2).

Accordingly, the court finds that plaintiffs have failed to make a prima facie showing that the exercise of jurisdiction under § 60–308(b)(2) is appropriate. Defendant Ueno USA's motion is granted on this basis.

● **Section 60–308(b)(7)**

■ Defendant Ueno USA next asserts that it has not engaged in solicitation or service activities in Kansas nor received or anticipated any direct or indirect financial benefit from the sale, trade, use or servicing of its products in Kansas, as required for application of § 60–308(b)(7). Moreover, defendant Ueno USA contends it "is not the type of 'product liability' defendant that the Kansas legislature intended to reach" with § 60–308(b)(7). (Def. Ueno USA's Mot. at 5).

Section 60–308(b) provides that any person submits to the jurisdiction of the Kansas courts as to any cause of action arising from ... (7)[the] causing to persons or property within this state any injury arising out of an act or omission outside of this state by the defendant if, at the time of the injury either (A) the defendant was engaged in solicitation or service activities within this state; or (B) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use.

Kan. Stat. Ann. § 60–308(b)(7). As noted recently by the Kansas Supreme Court, "the legislative intent of K.S.A. 60–308(b)(7) was to grant in personam jurisdiction to the courts of this state over those who engage in the manufacture, sale, or servicing of products if they receive or can anticipate some direct or indirect financial benefit from the sale, trade, use or servicing of their products within this state." *Ling,* 237 Kan. at 631, 703 P.2d at 733 (citing *Tilley v. Keller Truck & Implement Corp.,* 200 Kan. 641, 648, 438 P.2d 128, 133–34 (1968)).

Section 60–308(b)(7) has traditionally been applied in product liability cases and "was intended to provide[ ] jurisdiction over foreign manufacturers and/or suppliers in products liability cases." *Johnson v. Goodyear, S.A. Colmar Berg,* 716 F.Supp. 531, 533 (D.Kan.1989) (citing *Tilley,* 200 Kan. at 647, 438 P.2d 128). Accordingly, this court must decide whether subsection (b)(7) is appropriately applied in an antitrust case, where the alleged injury does not arise from the malfunction of the product at issue but instead from a conspiracy to control its price.

A "product liability" case references a "legal theory by which liability is imposed on the manufacturer or seller of a defective product." Black's Law Dictionary 1225 (7th ed.1999). None of the cases cited by plaintiff indicate that subsection

---

**3.** The court notes that, in contrast to claims of tortious behavior, a civil antitrust violation brought pursuant to federal antitrust law may be established without evidence of unlawful intent. A showing of an anticompetitive effect may be sufficient. *McLain v. Real Estate Bd. of New Orleans, Inc.,* 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980); *United States v. United States Gypsum Co.,* 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978).

(b)(7) is properly applied outside the typical product liability scenario. Moreover, in *J.E.M. Corporation v. McClellan*, 462 F.Supp. 1246, 1249 (D.Kan.1978), the court noted that subsection (b)(7) "specifically applies only to product liability injury." *Id.* at 1250. In addition, this court previously has found that because subsection (b)(7) was designed to apply in "product hazard" cases, it had no application in a malpractice action against attorneys. *Stonecipher v. Sexton*, 54 F.R.D. 435, 438 (D.Kan.1972).

Consequently, the court finds plaintiffs have failed to make a prima facie showing that the exercise of jurisdiction under § 60–308(b)(7) is appropriate in this antitrust violation case. Defendant Ueno USA's motion is granted on this basis.

● **Due Process Considerations**

■ Defendant Ueno USA next contends that the exercise of jurisdiction over it in this case would offend traditional notions of fair play and substantial justice and would be inconsistent with due process principles. As noted, to establish personal jurisdiction in a diversity case, plaintiffs must meet the requirements of the forum's long-arm statute and the federal Constitution. *Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1131 (10th Cir. 1991). The court has found that personal jurisdiction is lacking under the provisions of the long-arm statute asserted. However, even where the long-arm statute provided a basis for the exercise of jurisdiction, the court now finds that the exercise of jurisdiction over defendant Ueno USA would violate due process principles.

Due process allows a state to exercise personal jurisdiction over a nonresident when the nonresident has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Tenth Circuit has endorsed a three part analysis for use when examining whether a non-resident defendant has sufficient minimum contacts with the forum to satisfy constitutional requirements. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1419 n. 6 (10th Cir.1988).

(1) The non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) The claim must be one which arises out of or results from the defendant's forum-related activities.

(3) Exercise of jurisdiction must be reasonable.

*Id.*

● **Purposeful Availment**

Jurisdiction must rest on a person's activity deliberately directed toward the forum state. *Packerware Corp. v. B & R Plastics, Inc.*, 15 F.Supp.2d 1074, 1081 (D.Kan.1998). Examining plaintiffs' allegations in light of defendant Ueno USA's verified affidavit, the court finds that plaintiffs have failed to set forth a sufficient prima facie showing that defendant Ueno USA performed an act "by which [it] purposefully avail[ed] [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Id.*

Here, plaintiffs have failed to set out a prima facie case premised on direct contacts with the forum state. Although plaintiffs have alleged that defendant Ueno USA manufactured or sold sorbates in Kansas either directly or indirectly, these allegations have been controverted. More-

over, plaintiffs have failed to come forward with "competent proof" of those controverted allegations as set forth by the applicable standard. *Pytlik*, 887 F.2d at 1376. Where there is no prima facie showing that defendants directly sold sorbates in Kansas, or directed others to do so on their behalf, purposeful availment is not present.

However, even absent a prima facie showing that defendants sold directly to purchasers in Kansas, plaintiffs could establish purposeful availment. Under the "stream of commerce" theory, a defendant's contacts with the forum state need not be direct to satisfy due process requirements. The deliberate, although perhaps indirect, introduction of products into the stream of commerce with the expectation of distribution in particular areas may be enough to satisfy the minimum contacts/purposeful availment test. *See World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (noting purposeful availment may occur by actions or even a single act for which the defendant "should reasonably anticipate being haled into court in the forum state"); *Fidelity and Cas. Co. of N.Y. v. Philadelphia Resins Corp.*, 766 F.2d 440, 446 (10th Cir.1985). Generally, simply placing a product into the stream of commerce, without more, is not sufficient to satisfy the constitutional standard for personal jurisdiction. *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) ("The placement of a product into the stream of commerce,

without more, is not an act of the defendant purposefully directed toward the forum State."). Instead, "[a]dditional conduct" is generally required to "indicate an intent or purpose to serve the market in the forum State." *Id.* A defendant's mere "awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Id.; see also Packerware Corp.*, 15 F.Supp.2d at 1081 (recognizing broad approach to stream of commerce theory as set out in *Asahi Metal* ).

Plaintiffs allege that "Since 1979, the defendants and their co-conspirators sold and distributed sorbates in a continuous and uninterrupted flow of interstate and foreign trade and commerce to customers located in states or countries other than the states or countries in which the defendant and its co-conspirators produced sorbates." (Pls.' Compl. at ¶ 51). Plaintiffs further allege that the "business activities of the defendant and its co-conspirators that are the subject of this Petition were within the flow of, and substantially affected, interstate and foreign trade and commerce; consequently, these activities have affected and continue to affect trade and commerce in Kansas." (*Id.* at ¶ 52).[4] However, plaintiffs have not alleged additional conduct by defendants evidencing an intent by defendant Ueno USA to direct its product to the State of Kansas. Even when drawing all reasonable inferences from the record in favor of plaintiffs, the court finds that plaintiffs have failed to

---

**4.** The court finds these allegations are uncontroverted by any of defendant Ueno USA's submittals. Although defendant Ueno USA's affidavit indicates that it does "not sell any sorbates products to any resident of Kansas" and sets out the distribution channels through which it receives and sells its sorbate products, it does not refute plaintiffs' allegations

that its business activities of selling and distributing sorbates were placed in the stream of commerce. In fact, defendant Ueno USA's affidavit indicates that, at one point in the distribution chain through which it receives its sorbates, goods are delivered "for sale to customers in the United States." (Def. Ueno USA's Mot., Komatsu aff. at ¶ 5).

sufficiently allege a prima facie case of purposeful availment under a stream of commerce theory. Plaintiffs' complaint simply alleges defendant Ueno USA placed its product into the stream of commerce and that this placement had an effect on the Kansas economy. Plaintiffs fail to allege any contacts that demonstrate defendant Ueno itself created a substantial connection with the State of Kansas. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (noting jurisdiction is proper where contacts "proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State").

- **Relation of Claim to Activities in Forum**

Accordingly, without a sufficient allegation of purposeful availment, the court finds that plaintiffs are unable to establish that their claim that defendant Ueno USA unlawfully fixed the price of the sorbates sold in Kansas in violation of Kansas antitrust law satisfies the second element of the due process analysis, i.e., that the "claim must be one which arises out of or results from the defendant's forum-related activities."

- **Reasonableness**

■ The court next examines whether plaintiffs have made a sufficient showing that this court's exercise of jurisdiction over the moving defendants would be reasonable. In determining whether the exercise of jurisdiction is so unreasonable as to violate "fair play and substantial justice," the court considers:

(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's inter-

est in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1095–96 (10th Cir. 1998) (citing *Asahi Metal Indus.,* 480 U.S. at 113, 107 S.Ct. 1026).

The first factor weighs in favor of defendant Ueno USA. Defending itself in this forum will be burdensome on defendant Ueno USA. Defendant Ueno USA is a Delaware corporation with its principal place of business in New York. Moreover, defendant Ueno USA has no offices or employees in Kansas. However, this finding is not dispositive because, despite the apparent burden on defendant Ueno USA in defending itself in this forum given its geographical distance from Kansas, the Tenth Circuit has recognized that because "modern commercial transactions often involve little contact with the forum beyond that of mail and telephone communications . . . defending a suit in a foreign jurisdiction is not as burdensome as in the past." *Cont'l Am. Corp. v. Camera Controls Corp.,* 692 F.2d 1309, 1314 (10th Cir.1982).

The second factor weighs in favor of plaintiffs. Plaintiffs allege violations of Kansas antitrust law based on defendant Ueno USA's alleged distribution or sales of sorbates in Kansas. Moreover, resolution of plaintiffs' claims may require interpretation of novel issues of first impression under Kansas's antitrust laws. There is a recognized advantage to "having a local court determine questions of local law." *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir.1991).

The third factor is neutral. Plaintiffs are either Kansas corporations or entities that own and operate grocery stores in Kansas or have purchased products containing sorbates from Kansas grocery

wholesalers. Plaintiffs are suing on behalf of themselves and purportedly on behalf of a class of retail grocers that purchased products in Kansas. Plaintiffs' claims are raised under Kansas law. However, there has been no showing that plaintiffs' "chances for recovery will be greatly diminished by forcing [them] to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit." *OMI Holdings,* 149 F.3d at 1097. The court is unconvinced that plaintiffs could not receive effective relief in an alternate forum.

The fourth factor weighs slightly in favor of plaintiffs. The "key inquiry" in determining "whether the forum state is the most efficient place to litigate the dispute . . . [is] the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation." *Id.* (citations omitted). First, there is evidence that witnesses necessary to litigate the present case are located both within and outside the state. Second, the underlying wrongful conduct asserted in this lawsuit occurred in various locations where meetings occurred and agreements were allegedly made regarding the fixing of sorbate prices. Although there is no evidence that these meetings or agreements were entered into in Kansas, plaintiffs' alleged damages arise from the defendants' sale or distribution of sorbates with unlawfully fixed prices in Kansas, either directly or indirectly as alleged in plaintiffs' complaint. Third, Kansas law governs the case. Finally, the court notes that several defendants have filed a motion to transfer this case to the United States District Court for the Northern District of California, contending that piecemeal litigation may be avoided by such transfer. However, at the time of the court's review

of the current motion, it appears that the related case has been resolved. Therefore, although the record contains reference to other similar suits either pending or now resolved in other jurisdictions, it does not appear that maintenance of the currently pending action would promote piecemeal litigation.

Finally, as set out by the Tenth Circuit, the court's analysis of the fifth factor "focuses on whether the exercise of personal jurisdiction by Kansas affects the substantive social policy interests of other states or foreign nations." *Id.* With respect to defendant Ueno USA, neither party has set forth an analysis of this factor. Accordingly, the court finds that this factor is neutral.

### • Conclusion

The court finds that, even where a few of the reasonableness factors weigh in favor of plaintiffs, these factors are not strong enough to overcome the lack of sufficient allegations of purposeful direction. There is an "interplay" between the two components of the due process inquiry—1) the purposeful availment and its relation to the claim and 2) the reasonableness of the exercise of jurisdiction— "such that, 'depending on the strength of the defendant's contacts with the forum state, the reasonableness component of the constitutional test may have a greater or lesser effect on the outcome of the due process inquiry.'" *OMI Holdings,* 149 F.3d at 1091 (quoting *Int'l Shoe,* 326 U.S. at 316, 66 S.Ct. 154). Here, recognizing that some of the factors weigh in favor of plaintiffs, the court finds that because no minimum contacts have been established, the burdens placed on the alien defendant are not justified. *See Asahi Metal Indus.,* 480 U.S. at 114, 107 S.Ct. 1026 (noting where minimum contacts established "often the interests of the plaintiff and the

forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant"). Therefore, the court finds that on the present facts, even when construed in the light most favorable to plaintiffs, the "maintenance of the suit" against defendant Ueno USA would offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316, 66 S.Ct. 154. Defendant Ueno USA's motion is granted on this additional basis.

● **Defendants Ueno Fine Chemicals Industry, Ltd. and Chisso Corporation's Motions (Doc. 107 & 109)**

Similar to the arguments set forth by defendant Ueno USA, both defendants Ueno Fine Chemicals Industry Ltd. (referenced as "Ueno Ltd.") and Chisso Corporation's (referenced as "Chisso Corp.") assert that they are not subject to personal jurisdiction in this court under the Kansas long-arm statute. In addition, defendants Ueno Ltd. and Chisso Corp. assert that the exercise of jurisdiction over them would violate federal due process concepts because they have not "purposefully directed" activities toward Kansas and further that such exercise of jurisdiction would violate traditional notions of fair play and substantial justice.

● **Kansas Long Arm Statute**

Consistent with its analysis above, the court finds the exercise of jurisdiction over defendants Ueno Ltd. and Chisso Corp. is not appropriate under subsections (b)(1), (b)(2), or (b)(7) of Kan. Stat. Ann. § 60–308. Similar to the allegations made regarding defendant Ueno USA, plaintiffs allege that "[a]t all relevant times," defendants Ueno Ltd. and Chisso Corp., "directly or through its affiliates, engaged in the business of the manufacture, distribution and/or sale of sorbates throughout the United States and the world, including

Kansas." (Pls.' Compl. at ¶¶ 13 & 19). In addition, consistent with their allegations against defendant Ueno USA, plaintiffs allege that defendants Ueno Ltd. and Chisso Corp. "[t]hrough distributors ... sold sorbates in Kansas to various indirect purchasers." (*Id.* at ¶ 53). Defendants Ueno Ltd. and Chisso Corp. have set forth affidavits contending that they have not transacted business in Kansas. Generally, these defendants contend that they do not sell any sorbates products to any resident of Kansas and that they have not sold any sorbate products to the plaintiffs in this action. Moreover, these defendants contend that they have no offices, employees, or ownership interests in Kansas. (Def. Ueno Ltd.'s Resp., Ohashi aff.) (Def. Chisso Corp.'s Resp., Akuzawa aff.).

Similar to its analysis with respect to the insufficiency of the allegations against defendant Ueno USA, the court finds that plaintiffs' unverified allegations that defendants Ueno Ltd. and Chisso Corp. distributed or sold sorbates to various indirect purchasers in Kansas, when considered in light of defendant Ueno Ltd and Chisso Corp.'s verified affidavits, fail to satisfy the necessary showing of the transaction of business in Kansas under subsection (b)(1) of Kan. Stat. Ann. § 60–308(b)(1).

Moreover, because identical claims are made against defendant Ueno Ltd. and Chisso Corp., the court finds, under its analysis set forth above, that plaintiffs' allegations under the Kansas antitrust law are insufficient to bring their claims against defendants Ueno Ltd. and Chisso Corp. within the purview of subsection (b)(2) or (b)(7) of Kan. Stat. Ann. § 60–308. Accordingly, the court finds plaintiffs have failed to make the threshold prima facie showing that the exercise of jurisdiction under § 60–308(b)(1), (b)(2), or (b)(7) is appropriate. Defendants Ueno Ltd. and

Chisso Corp.'s motions are granted on this basis.

## ● Due Process Considerations

The Tenth Circuit's three part standard governs the court's analysis here. *Rambo,* 839 F.2d at 1419 n. 6. Given the similarity of these defendants' arguments to those asserted by defendant Ueno USA and the similar allegations by plaintiffs against all three moving defendants,[5] the court finds that the analysis set forth above regarding purposeful availment and relation of claim to activities in the forum is dispositive here.

In addition, the court's analysis of the reasonableness of its exercise of jurisdiction over defendants Ueno Ltd. and Chisso Corp. is also generally dispositive here. However, additional factors must be considered when examining the first factor under the reasonableness inquiry—the burden on defendant. Specifically, defendants Ueno Ltd. and Chisso Corp.'s status as foreign corporations requires the court to examine the additional burden that would be imposed where these defendants are required to defend themselves in this jurisdiction.

As set out by the Supreme Court, the "unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long-arm of personal jurisdiction over national borders." *Asahi Metal Indus.,* 480 U.S. at 114, 107 S.Ct. 1026. Here, the exercise of jurisdiction over defendants Ueno Ltd. and Chisso Corp. would force them to travel outside their home country and to litigate the present claims in a foreign forum. Given the analysis set forth above regarding the interplay between the two components of the due process analysis, the court finds that this additional factor weighing in favor of defendants Ueno Ltd. and Chisso Corp. bolsters the court's finding that the exercise of jurisdiction over these defendants is not reasonable. The court finds the interests of the plaintiffs and of this forum in asserting jurisdiction over defendants Ueno Ltd. and Chisso Corp. are not sufficient to outweigh the burdens placed on defendants Ueno Ltd. And Chisso Corp. in light of the plaintiffs' failure to establish purposeful availment.

Considering the relevant factors, the court finds that on the present facts construed in the light most favorable to plaintiffs, the "maintenance of the suit would offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe,* 326 U.S. at 316, 66 S.Ct. 154. Defendants Ueno Ltd. and Chisso Corp.'s motions are granted on this additional basis.

## ● Order

IT IS THEREFORE ORDERED that defendants Ueno Fine Chemicals Industry (USA), Inc., Ueno Fine Chemicals Industry, Ltd., and Chisso Corporation's Motions to Dismiss for Lack of Personal Jurisdiction (Docs. 105, 107 & 109) are hereby granted. Defendants Ueno Fine Chemicals Industry (USA), Inc., Ueno Fine

---

**5.** The court finds that the plaintiffs' allegations regarding the placement of the defendants' products in the stream of commerce or the effect that their placement had on the Kansas economy have not been controverted by either defendant Chisso Corp. or defendant Ueno Ltd. Defendant Ueno Ltd. made the same showing as noted above for defendant Ueno USA. In addition, defendant Chisso Corp. verified that it "sells sorbates to several Japanese corporations" that then "resell the sorbates to other distributors that sell the product either to still other distributors or to the end users." (Def. Chisso's Mot., Akuzawa aff. at ¶ 2). Defendant Chisso also verified that it "does not control the activities of [the corporations] that sell its products."

Chemicals Industry, Ltd., and Chisso Corporation are hereby dismissed from this case.